## CHASE BAG CO. v. STAFFORD et al.

### No. 5313.

Court of Civil Appeals of Texas. Texarkana.

Oct. 28, 1938.

Rehearing Denied Nov. 10, 1938.

Brame & Brame, of Sherman, for appellant.

Cunningham & Lipscomb, of Bonham, for appellees.

HALL, Justice.

Appellant brought this suit against appellees in the District Court of Grayson County on a promissory note of the principal sum of $1,271.19, and for interest and attorney's fees, less two credits theretofore paid on said note. Appellant alleged that it was "a corporation duly incorporated under the law, having its office and principal place of business in Goshen, Indiana." Appellees answered by general demurrer and general denial and alleged that appellee Elizabeth H. Stafford was a married woman at the time she signed said note and that she merely signed the same as surety for her husband, F. B. Stafford, "and pleads her coverture in bar of any right to recover." Appellees alleged further that "the contract upon which the note was executed was a contract between F. B. Stafford and the Chase Bag Company; that it was entirely made within the State of Texas, was to be performed within the State of Texas, and was in violation of law in that the plaintiff had no permit to do business within the State of Texas."

On plea of privilege the case was transferred to Fannin County where trial was had to the court without a jury, and resulted in judgment against appellant. The case is now properly before this court for review.

In response to appellant's request the trial court filed the following findings of fact and conclusions of law:

"I find that the defendants, F. B. Stafford and Elizabeth H. Stafford are citizens of the State of Texas, residing within Fannin County, Texas, and that they are husband and wife, and the note was executed in Texas.

"I find that the plaintiff manufactured the bags in question in the State of Texas; that the plaintiff sold the bags in question to the defendant, F. B. Stafford, in Texas, and that the note given therefor is payable in Texas, and the transaction sued on transpired entirely within the State of Texas.

"I find that Elizabeth H. Stafford is a married woman, the wife of F. B. Stafford, and was at the time of the execution of the note sued on, and at the time of the transaction involved in this suit, and at the time of the filing of the plea of coverture, and still is the wife of F. B. Stafford.

"I find that the plaintiff is a foreign corporation engaged in business in Texas, and that there is no testimony of any character showing or tending to show that it had a permit to transact business in the State of Texas.

### "Conclusions of Law.

"I conclude as a matter of law, that under the pleadings and evidence in the case, the plaintiff is not entitled to recover, and that Mrs. Elizabeth H. Staf-

ford created no liability by signing the note sued on."

By several assignments of error appellant assails the court's findings of fact as being unsupported by the evidence. One fact found by the trial court was "that there is no testimony of any character showing or tending to show that it (appellant corporation) had a permit to transact business in the State of Texas." In appellant's petition it is simply alleged that it was a corporation duly incorporated under the law, having its office and principal place of business in Goshen, Indiana. It declared on a promissory note payable to it, for value received, for a certain sum of money, together with interest and attorney's fees, which note was signed by appellees. There is no allegation in its petition which would distinguish the obligation sued on, that is, whether it was an interstate or an intra-state transaction. This being true, even though it be admitted that appellant is a foreign corporation, the burden rested with appellees to both plead and prove that appellant was doing business in Texas without a permit in order to defeat a recovery in this case. Panhandle Tel. & Tel. Co. v. Kellogg Switchboard & Supply Co., 62 Tex.Civ.App. 402, 132 S.W. 963, writ refused; Huff v. Kinloch Paint Co., Tex. Civ.App., 110 S.W. 467, writ refused; Fennell v. Trinity Portland Cement Co., Tex.Civ.App., 209 S.W. 796, writ refused; Union Mortgage Co. v. McDonald, Tex. Civ.App., 30 S.W.2d 506; Gholson v. Wickwire Spencer Sales Corp., Tex.Civ. App., 66 S.W.2d 814; Baldwin Music Shop, Inc., v. Watson, Tex.Civ.App., 88 S.W.2d 516. As said before, appellees alleged that appellant had no permit to do business in Texas, but they failed to make proof of such fact. This failure, in our opinion, constitutes a waiver of such defense.

The only other defense made to said note was that of coverture of Mrs. Elizabeth H. Stafford, wife of appellee F. B. Stafford. The evidence shows without dispute that Elizabeth H. Stafford was the wife of F. B. Stafford "at the time of the execution of the notes sued on, and at the time of the transaction involved in this suit, and at the time of the filing of the plea of coverture, and still is the wife of F. B. Stafford," as found by the trial court. The evidence offered shows also that the sale of the bags was to F.

B. Stafford. There is no intimation in the evidence that Mrs. Stafford, the wife, had any connection with the transaction between appellant and her husband, except to sign the note with him. In this circumstance we conclude that the trial judge was correct in his finding that Mrs. Elizabeth H. Stafford was not liable on the note sued on.

The judgment of the court below in so far as it affects Mrs. Elizabeth H. Stafford is affirmed; but as to F. B. Stafford the judgment of the court below is reversed and here rendered for the appellant for the principal, interest, and attorney's fees sued for, less the payments admitted.

Affirmed in part, and in part reversed and rendered.