THE CONTINENTAL SUPPLY COMPANY V. P. L. HOFFMAN.

No. 7526. Decided November 6, 1940.
Rehearing overruled December 18, 1940.
(144 S. W., 2d Series, 253.)

*Turner, Seaberry & Springer,* of Eastland, *McGown, Mc-Gown, Godfrey & Logan,* and *Harry L. Logan, Jr.,* all of Fort Worth, for plaintiff in error.

Although plaintiff's petition alleged it was a foreign corporation doing business and maintaining an office in Texas under a permit, the uncontroverted evidence proved that plaintiff's suit was founded on an interstate transaction, therefore plaintiff was entitled to rely on the interstate character of the transaction as supporting its right to maintain the suit because Article 1536, R. S. 1925, does not apply to interstate transactions. Dickson Pub. Co. v. Bryan, 5 S. W. (2d) 980; Bruce v. Hannon, 283 S. W. 862; Allen v. Tyson-Jones Buggy Co., 91 Texas 22, 40 S. W. 393; 11 Tex. Jur. 162; Jarrell v. Mortgage Co., 129 S. W. (2d) 379.

*Mayfield, Grisham & Grisham,* and *J. A. Lantz,* of Tyler, for defendant in error.

As the testimony does not show that any contract, oral or written, was made between the plaintiff and the defendant Lockhart to the effect that the casing furnished by the plaintiff was to be used in making a particular improvement (drilling a well) on the particular tract in question, but on the contrary does show that such casing was purchased by Lockhart on open account in accordance with the usal course of dealing theretofore obtaining between such parties and constituted personal property, such contract could not form the basis or predicate for a materialman's lien. Reeves v. York Eng. & Sup. Co., 249 Fed. 513; Taber v. Interstate B. & L. Assn., 91 Texas 92, 40 S. W. 954; Smith v. Jasper County Lbr. Co., 124 Texas 156, 76 S. W. (2d) 505.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Eastland County. The plaintiff in the suit is the Continental Supply Company, a Delaware corporation. The defendants in the suit are C. H. Lockhart and P. L. Hoffman, both of whom reside in this State. The object of the suit is the recovery of judgment (1) against Lockhart for the purchase price of certain oil well casing sold to him by the Supply Company; (2) against both defendants for the foreclosure of a lien on the casing; (3) against Hoffman for conversion of the casing—he having purchased same from Lockhart in Loving County, Texas. Judgment by default was recovered against Lockhart. As between the Supply Company and Hoffman, the case was tried before the trial judge, without a jury. The trial resulted in a judgment against Hoffman. The latter appealed, and the Court of Civil Appeals affirmed the trial court's judgment in the respect that it was against Lockhart; but reversed same in the respect that it was against Hoffman, and remanded the cause. 120 S. W. (2d) 851. In the respect that its judgment reverses the trial court's judgment and remands the cause, the action of the Court of Civil Appeals is based exclusively on the fact the record contains no evidence to show that the Supply Company had a permit to do business in Texas. The Supply Company has been granted the writ of error.

The Supply Company contends that notwithstanding the record contains no evidence to show that the Company had a

permit to do business in this State, the Court of Civil Appeals erred in reversing the trial court's judgment and remanding the cause, in the respects it did. This contention is grounded on the fact that the record contains uncontroverted evidence, which shows that the sale of the casing to Lockhart constituted an interstate transaction. The facts relevant to said contention are substantially as follows:

The petition of the Supply Company, upon which the case was tried, contains appropriate allegations for the recovery of the purchase price of the oil well casing which was sold by the Supply Company to Lockhart. Nothing appears in the petition to characterize said sale as an interstate transaction. Except by inference deducible from the paragraph of the petition quoted below, the petition does not signify that the said sale to Lockhart was an intrastate transaction. Said paragraph reads as follows: "Plaintiff, the Continental Supply Company, is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal office and place of business in Dallas, Dallas County, Texas, and doing business in Texas, under and by virtue of a lawful permit so to do." The defendant Hoffman pleaded the general denial. The record, as has been said, contains no evidence to show that the Supply Company had a permit to transact business in this State; but does contain uncontroverted evidence which shows that the sale of the casing to Lockhart constituted an interstate transaction. However, in discussing the case this uncontroverted evidence will not be considered in order to reach a conclusion, and for this reason will be discarded.

The ruling of the Court of Civil Appeals, upon which its judgment of reversal is based, is to the effect that because the Supply Company is a foreign corporation, it was necessary for the Company to show by evidence that it had a permit to transact business in this State. In the final analysis this ruling was induced by the allegation in the Company's petition, in substance, that the Company had its principal office in this State and was doing business here. This calls to notice the provision of Articles 1529 and 1536 of the Revised Statutes. So far as relevant said statutes read as follows:

Article 1529. "Any corporation for profit * * * organized or created under the laws of any other state * * * desiring to transact or solicit business in Texas, or establish a general or special office in this state, shall file with the secretary of state a duly certified copy of its articles of incorporation; and there-

upon such official shall issue to such corporation a permit to transact business in this state * * *"

Article 1536. "No such corporation can maintain any suit * * * in any court of this state, upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter. * * *"

■ It is well settled by the decisions of this Court that the provisions of Article 1536 have reference exclusively to demands which arise out of intrastate transactions. They do not apply to demands which arise out of interstate transactions—that is to say, transactions which involve interstate commerce. Miller Co. v. Goodman, 91 Texas 41, 40 S. W. 718; 11 Tex. Jur. p. 162. In a word, as regards interstate transactions, no permit to transact business is required.

■ This holds true regardless of the fact that, at the time the interstate transaction occurred, the corporation was maintaining an office and doing business in this State without a permit. Texas & P. Ry. Co. v. Davis, 93 Texas 378, 54 S. W. 381, 11 Tex. Jur. p. 163. So in the present case, treating as true the allegation in the Supply Company's petition, to the effect that the Company had its principal office here, and was doing business in this State, still the necessity for a compliance with the statute does not appear. The fact that the sale to Lockhart constituted an intrastate transaction, is not affirmatively alleged in the plaintiff's petition; the defendant failed to tender issue in respect to the character of such sale and therefore he must be regarded as having waived the issue. Oklahoma Tool & Supply Co. v. Daniels, 290 S. W. 727.

We find no error committed by the trial court in any respect. The judgment of the Court of Civil Appeals, in the respect it reverses the trial court's judgment, is reversed, and the judgment of the trial court is in all respects affirmed.

Opinion adopted by the Supreme Court November 6, 1940.

Rehearing overruled December 18, 1940.