## ST. LOUIS, SOUTHWESTERN RY. CO. OF TEXAS v. UNITED TRANSPORTS, Inc., et al.

### No. 14227.

Court of Civil Appeals of Texas. Dallas.

May 19, 1950.

Rehearing Denied Aug. 1, 1950.

Adair Dyer, Dallas, L. L. Bowman, Greenville, Wallace Hughston, McKinney, for appellant.

Johnson & Rembert, of Dallas, W. R. & W. P. Abernathy, of McKinney, for appellees.

CRAMER, Justice.

Appellees, United Transports, Inc. and A. D. Easlon, driver of the truck involved, instituted this action against appellant to recover damages growing out of a collision between appellees' truck and trailer loaded with four automobiles, and a train of appellant Railway Company, which occurred at a public crossing in the town of Lavon in Collin County. The Texas Indemnity Insurance Company intervened, seeking recovery by subrogation for compensation and medical expense paid by it to Easlon. The Railroad, by cross-action, sought recovery for damage to its locomotive. Appellees pled that the crossing was an unusually hazardous and dangerous one; pled four specific grounds of negligence and discovered peril. Appellants pled eleven specific acts of contributory negligence. The jury found the negligence issues pled by appellees and the discovered peril issues against appellant; four sets of contributory negligence issues against appellees; and awarded damages of $9,750 to United Transports, Inc.; $5,332.83 to A. D. Easlon; and $817.17 to Texas Indemnity Insurance Company. On the verdict the trial court rendered judgment for appellees and against appellant for the several sums found by the jury. Appellant duly perfected this appeal and the cause is now properly before us for review.

Appellant assigns five points of error in substance, (1) appellee, having pled that it was a foreign corporation, was bound to plead and prove that it had a permit to do

business in Texas; (2) the definition of "discovered peril" under the facts here should have included the element of Easlon's ability to extricate himself; (3) insufficient evidence to raise the issue of dangerous crossing; (4) error in not limiting the jury on the issue of discovered peril to a time immediately prior to the collision; and (5) error in not disregarding the findings and in not rendering judgment in its favor.

■ The first point is overruled on the authority of Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253. Appellees' petition alleges an interstate transaction, to wit, the transportation of the automobiles from Memphis, Tennessee, to Dallas, Texas, and, the pleading not disclosing that appellees were doing an intrastate business, appellant, by not specially setting up in proper pleading the issue of intrastate business, waived the issue.

■ Point three raises the issue with reference to the crossing in question being a dangerous one, as pled by appellees and found by the jury. The jury found both appellant and appellees guilty of negligence which proximately caused the accident; and, in view of such findings, any error in improperly submitting such negligence issues, which could not have affected the result, was harmless since the judgment here can be upheld, if at all, only by the issues on discovered peril. Point three is overruled.

Points two, four and five assert that the definition of "discovered peril," under the facts in this case, should have included the element of Easlon's ability to extricate himself and should also have limited the jury to time immediately before the collision; and further that the court should have disregarded the jury findings to the issues and rendered judgment for appellant. The issues, 11 to 16, inclusive, on discovered peril, establish the following facts: (11) That prior to the collision A. D. Easlon and the truck were in a perilous position; (12) that the engineer of defendant's train actually discovered that Easlon and the truck were in a perilous position and realized the danger thereof; (13) within such time and distance as that by the exercise of ordinary care and the use of all means at his command, consistent with safety to himself and the train and the other persons therein, he could have avoided the collision; (14) that after discovering the peril of Easlon and the truck and after realizing their peril, he failed to exercise ordinary care and the use of all means available to him to avoid the collision, consistent with safety to himself, the train, and the other persons on the train; (15) that such failure was negligence (16) which was proximate cause of the collision in question.

"Perilous position" was defined in the charge as follows: "In connection with the term 'perilous position,' you are instructed that, in order for a person to be in a perilous position, it is not necessary that bodily injury will certainly be suffered by him. He is in a perilous position whenever he is pursuing a course which probably will terminate in serious bodily injury to him." Appellant's objection to the definition was as follows: "Defendant excepts and objects to the definition of the term 'perilous position,' in that said definition as given ignores the necessary element that plaintiff must actually be in immediate peril, and, second, because said definition ignores the element as to whether or not the plaintiff will probably be able to extricate himself from such position of peril. In this connection, defendant tenders herewith a proper definition of 'perilous position' and requests the court to give same as Defendant's Special Requested Instruction No. 1." Appellant's requested definition was as follows: "You are instructed that by the term 'perilous position,' as used in this charge, is meant that a person is then and there in danger of death or serious bodily injury, and from which position he cannot and probably will not extricate himself." And its requested issue was: "Do you find from a preponderance of the evidence that immediately prior to the collision, and on the occasion in question, A. D. Easlon and the truck were in a perilous position?"

The railroad right of way and the crossing involved, under the record here, are correctly shown by the following drawing and picture, to wit:

PORTION OF
LAVON TEXAS
SCALE 1"-30'

The collision occurred about 2:00 p. m., March 12, 1948; the weather was very cold, below freezing, with a high north wind of about 35 m. p. h., and Easlon was driving with his windows up. The onion shed on the right of way, shown in the picture and owned by appellant, was 116 feet from center of highway, and was 289 feet long. The curtains on north side of shed were pulled down so that there was no view through the structure; the evidence varied as to the speed the truck was traveling,—from 20 to 45 m. p. h.; the train was traveling about 60 m. p. h. Easlon had been over this crossing about four or five times before this collision. There were the usual stationary wooden cross-bars to warn the public of the crossing, one at the crossing and another at the usual distance back from the crossing. The engineer testified that he saw the truck before his engine passed behind the onion shed and again saw the truck when he passed the end of the shed about 150 feet from the crossing, and undertook to set his brakes, but did not start to slow down before reaching the crossing because of the time necessary to physically perform the operations necessary to set them. He did not throw the engine into reverse, for the reason that he did not want to cut the tires off of the engine. He testified that his train had been gaining speed for some time, which continued after he saw the truck; that he blew the usual crossing whistle, to wit: four blasts,—a long, two short, and an extra long blast—the first long blast beginning at the whistling post, and the last blast when he occupied the crossing. Testimony of other witnesses conflicted with this, and was to the effect that there was an unusual whistling for the crossing on this occasion.

Easlon testified that he first saw the train when his truck was about 45 feet from the track the train was on; that the train was then near far end of onion shed; the truck and trailer about 45 feet long. The train struck the truck about 10 feet behind the cab.

The rules applicable to these facts are well settled. The engineer not only had to discover the presence of appellees' truck and trailer upon the highway, but the truck and trailer must have reached a "position of peril" which also must have been actually discovered and realized by the engineer in time to avoid the injury.

Easlon was not in a perilous position until he reached a point on the highway where he would be unable, in the exercise of ordinary care by the application of his brakes and other means at hand, to stop his truck and trailer before he actually reached the crossing. In other words, the engineer could assume that Easlon would exercise ordinary care in approaching the crossing. Putting it another way, the engineer was not guilty of negligence in so far as the doctrine of discovered peril is concerned, unless he saw and realized that Easlon was going to attempt to proceed over the crossing in the path of the engine and thus place himself in a position of peril. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967, and cases there cited. See, also, Panhandle & S. F. Ry. Co. v. Napier, 135 Tex. 314, 143 S.W.2d 754, opinion approved by Supreme Court, and Notes thereon, 19 Tex.Law Review 207. As said by Justice Williams, for our Supreme Court, in Ft. Worth and D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533, 535: "We think it well settled that one person is not bound to anticipate negligent conduct on the part of another, and, therefore, that a jury would not be justified in finding that the brakeman, before he saw plaintiff actually in danger, knew that he was negligently going into danger. * * * A person walking negligently along a railroad track in front of a moving train will surely be hurt unless the train stops, or he gets out of its way. In a sense he may be said to be in danger, but those controlling the train are not required to assume that, by his negligent failure to act, he will remain in danger. It is only when they have realized that he cannot or will not get out of the way that the duty of averting a collision arises. Certainly it is at least equally true that trainmen are not bound to assume that a person not on the track will get on it where it would be

negligent and dangerous for him to do so; and, as they would not be bound to assume it, a jury could not properly find that they knew it would be done, in the absence of proof of knowledge." See, also, Schuhmacher Co. v. Posey, Tex.Sup., 215 S.W.2d 880, and Note, 12 Texas Law Review 515.

■ We therefore hold that the instruction to the jury defining "perilous position" was subject to the attack made in the objection of appellant, to wit, that it did not contain the element of extrication. When the engineer discovered Easlon's truck and trailer, he could, at the time he passed behind the onion shed, reasonably have assumed that Easlon could and would slow down, or apply his brakes, so as not to be on the crossing at the time the engine of the train reached it; also, the engineer could have assumed that Easlon could and would exercise ordinary care to avoid placing himself in danger. At least, under all the circumstances and physical conditions surrounding this crossing, it was a jury issue under proper instruction as to when Easlon could no longer extricate himself, and was, therefore, in a position of peril; and it was also a jury issue as to whether the engineer discovered, or by the exercise of ordinary care should have discovered, such peril in time to, thereafter, by the use of all means at hand, etc., avoid the accident. 2 Am.Law Inst. Restatement of the Law—Torts—Negligence, sec. 480, pp. 1257–1260. We therefore sustain plaintiff's second point and overrule the fifth point. On the error pointed out, the judgment below is reversed and cause is remanded for a new trial.

## On Rehearing.

Appellees have filed motion for rehearing in which our holding that it was error to sustain appellant's first, fourth and fifth points, is by numerous paragraphs attacked.

■ Our Supreme Court has now settled the question of the necessity of a request for submission of the issue of extrication as a part of discovered peril issue, against appellees' contention here. Since discovered peril issues are appellees' issues, appellant's objection to the omission of the issue on extrication was sufficient without a separate request. Rule 279, Vernon's Annotated Rules of Civil Procedure; Sisti v. Thompson, Tex.Sup., 229 S.W.2d 610, motion for rehearing overruled by Supreme Court May 24, 1950. See, also, Blasdell v. Port Terminal R. Ass'n, Tex.Civ.App., 227 S.W.2d 248, writ refused. The only question here is whether the objection as made, sufficiently called the court's attention to the fact that the issue of extrication was not submitted to the jury. No form of issue on extrication was requested by appellant. We are of the opinion, and hold, that the objection to the omission, even though directed to the definition of perilous position, was sufficient to call the trial court's attention to its failure to include such element in the charge.

We have also examined the other assignments in the motion for rehearing and, finding no error therein, they are overruled.