### GLO CO v. MURCHISON et al.
### No. 14438.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1954.

Thomas H. Fisher, Chicago, Ill., Carl Wright Johnson, San Antonio, Tex., for appellant.

Lucian L. Morrison, John H. Dittmar, P. H. Swearingen, L. M. Bickett, San Antonio, Tex., M. D. Kirk, James C. Denton, Jr., Tulsa, Okl., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The appellees, in addition to filing their answers and motions for summary judgment, made their respective motions to dismiss the appellant's complaint on the ground that it was a foreign corporation doing business in Texas without a permit as required by the statutes of Texas, and, therefore, was incapacitated to maintain said action. Articles 1529, 1536, and 2031a, Revised Civil Statutes of Texas 1925, Vernon's Ann. Civ.St. arts. 1529, 1536, 2031a. The court below sustained appellees' motion, and entered a judgment of dismissal.

The complaint alleged that in September, 1941, appellant was the owner of certain mineral interests in lands located in Jim Wells County, Texas. On said date, appellant executed and delivered to T. F. Murchison a contract assigning oil and gas leases, reserving to the assignor an overriding royalty of $\frac{1}{16}$th of the oil and gas produced. The contract provided that, upon failure of certain obligations by the assignee, the assignment would become null and void; and that it would be the duty of the assignee to reassign said leases to the assignor. The complaint further averred that there had been a failure on the part of the assignee and its assigns to pay the assignor the $\frac{1}{16}$th provided in said contract; and that the assignee had acquired new leases and renewal leases in disregard of the contract of 1941. The complaint, although in seven counts, is seeking either specific performance of said contract or money damages for the breach thereof.

The issue is whether, as a matter of law, the appellant was transacting business in the state of Texas within the meaning of the Texas statutes. The statutes of Texas provide that a foreign corporation shall procure a permit to transact business within the state and, upon failure to obtain said permit, that said corporation cannot maintain any suit in Texas upon any demand, whether arising out of tort or contract. Articles 1529 and 1536 of the Revised Civil Statutes of Texas.

■ It is undisputed that the appellant is a foreign corporation and that it failed to obtain a permit to transact business in the state of Texas. The appellant claims that it was not doing business in Texas, and that there is no evidence in the record indicating that it was. We do not concur in this contention. The contract of 1941 between the appellant and appellee Murchison was executed and delivered in Texas. Al-

though the president of Glo Company entered into and signed said contract in Texas, the appellant asserts that it was not consummated in Texas, because the corporate seal of the company was affixed in Chicago, Illinois.

The Texas courts have held that a single transaction will constitute the doing of business within the meaning of said articles 1529 and 1536, requiring foreign corporations to obtain permits before doing business in the state. Smythe Co. v. Fort Worth Glass and Sand Co., 105 Tex. 8, 142 S.W. 1157. The business of the appellant was, as shown by its corporate charter, the acquisition, ownership, and disposition of mineral leases. It is shown by the allegations of the complaint and the exhibit attached thereto that the appellant was engaged in the business for which the corporation was organized. Those transactions, as shown by said exhibit, had to do with the acquisition and assignment of leasehold and mineral interests in lands located within the state of Texas. It is further recited in said contract of 1941 that the assignor was, at the time of the execution of said instrument, negotiating and attempting to procure new oil and gas leases covering lands located in Texas to be assigned to the assignee.

It is recognized in Texas that transactions involving the acquisition and transfer of oil, gas, and mineral leases upon Texas lands constitute intrastate business. Normandie Oil Corp. v. Oil Trading Co., 139 Tex. 402, 163 S.W.2d 179. The important factor in the just-cited case was that the plaintiff was transacting business pursuant to its charter by entering into negotiations for the sale of mineral leases in Texas even though the sale was eventually consummated in New York. The appellant, Glo Company, entered into an enforceable contract in Texas, and although there was no conveyance of the mineral interests until the seal of appellant was affixed, it was sufficient to constitute doing business in Texas. The transactions, as shown by the complaint and ex-hibit attached thereto, show as a matter of law that appellant was transacting its corporate business in Texas. Normandie Oil Corp. v. Oil Trading Co., supra.

The court below properly granted the motion to dismiss, but the judgment should be modified so as to provide for a dismissal without prejudice, as there has been no adjudication upon the merits. Accordingly, the judgment appealed from is modified and affirmed.

Modified and affirmed.