**GLO CO. v. MURCHISON et al.**
**No. 14438.**

United States Court of Appeals
Fifth Circuit.
Feb. 12, 1954.

Further Rehearing Denied
March 16, 1954.

Thomas H. Fisher, Chicago, Ill., Carl Wright Johnson, San Antonio, Tex., for appellant.

Lucian L. Morrison, John H. Dittmar, P. H. Swearingen, L. M. Bickett, San Antonio, Tex., M. D. Kirk, James C. Denton, Jr., Tulsa, Okl., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

"The Court rests its entire decision upon a single erroneous finding of fact (p. 3):

" 'The contract of 1941 between the appellant and appellee Murchison was executed and delivered in Texas.'

"This statement as to delivery in Texas is erroneous, and it is impossible to understand how the Court fell into this crucial error.

"There is not one single word in the Defendants' affidavits stating that the conveyance of 1941 was either 'executed' or 'delivered' in Texas. In fact, the Defendants' affidavits do not make any reference whatsoever to the place of execution or delivery of the conveyance of 1941.

"It is most significant that Appellees' Briefs in this Court do not assert or contend that the 1941 conveyance was 'delivered' in Texas.

"The sole evidence, as to the place of execution of the conveyance, is that the president of Plaintiff signed and acknowledged it in Texas, as shown by the 1941 conveyance attached to the Complaint (R. 46–7). This acknowledgment does

not show that the 1941 conveyance was 'delivered' in Texas.

"How can this Court conceive the crucial fact that the 1941 conveyance was 'delivered in Texas' when there is not one single scintilla of evidence to support this statement?

"The Court has misconceived the crucial factual ground for its affirmance of the trial court's judgment."

With italics and emphasis by capitalization omitted, the above is an exact quotation from the opening paragraphs in appellant's petition for rehearing.

We got the idea of the contract being delivered in Texas from paragraph three of count one of appellant's complaint, from which we quote as follows:

"On September 29, 1941, plaintiff was the owner of certain mineral interests in certain lands in Jim Wells County, Texas, more particularly described in the written instrument bearing said date hereinafter described. On said date, plaintiff executed and delivered to defendant, T. F. Murchison, said written instrument, a copy of which is attached hereto and made a part hereof, marked 'Exhibit 1.' Thereafter said written instrument was duly recorded in Volume 34, at page 158 of the Oil and Gas Lease Records of Jim Wells County, Texas."

The foregoing allegations were reiterated in each of the other six counts of appellant's seven-count complaint.

The contract in this case was one for the assignment of interests in oil and mineral leases on land or lands lying and being situated in Texas. Negotiations with reference to the transaction were conducted in Texas by the parties thereto. The contract was prepared and signed in Texas. It was then sent out of the state to have the seal of the assignor affixed thereto; thereafter it was returned to Texas. The affixing of the seal was but one formal step in the process of carrying out the contract that was to be performed in Texas. The laws of Texas may not be circumvented mere-

ly by affixing appellant's corporate seal out of the state after all other acts and things necessary for a contract in contemplation of law were done in Texas.

The petition for rehearing is denied.