**WAGGENER PAINT COMPANY,**
Appellant,

v.

**PAINT DISTRIBUTORS, Inc., et al.,**
Appellees.

No. 15547.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1955.

Rehearing Denied Feb. 10, 1956.

Wm. Madden Hill, Dallas Tex. (Ungerman, Hill, Ungerman & Angrist, Dallas Tex., of counsel), for appellant Waggener Paint Company.

Ewing Adams, Longview, Tex., Morris Harrell, Snowden M. Leftwich, Jr., Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiff, a foreign corporation, having its principal office and place of business in Clay County, Missouri, the suit was for a debt due on interstate shipments of paint made to defendant corporation, which it was alleged was in liquidation, the other defendants being sued as its stockholders, directors, and trustees in liquidation.

The defendant moved to dismiss the action on the ground that plaintiff has, and has had, sales representatives in Texas and is doing, and has done, intrastate business there, consisting of soliciting and promoting sales to paint distributors in Texas in violation of Arts. 1529, and 2031a, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St.Tex. arts. 1529, 2031a.

The matter coming on to be heard on defendant's motion to dismiss and plaintiff's answer thereto, that the sales out of which the debt arose were sales in interstate commerce, plaintiff, to prove that the transaction was as claimed by it wholly in interstate commerce, offered the testimony of Hamilton, manufacturer's agent for it in Texas, who had solicited the business for plaintiff from defendant corporation.

This testimony, detailing the facts of the particular transaction and Hamilton's activities as manufacturer's agent, can be put in small compass. In substance it shows: that Hamilton was then, and had been for some years, engaged in Texas in soliciting interstate business for the plaintiff; that this business consisted of obtaining orders which would be sent to, and when accepted by, plaintiff would be filled by shipping the goods into the state from the points where they were manufactured.

As to the particular transaction out of which the debt sued for arose, the evidence showed that Hamilton had interested the defendant, Paint Distributors, Inc., in plaintiff's line of paints and, having obtained orders, had sent them in for acceptance and interstate filling by plaintiff.

On cross-examination, Hamilton testified that he had assisted the defendant and other customers in connection with display advertising in order to obtain more orders, and on one occasion had attended a lumbermen's convention where he had set up an exhibit in a trade booth to interest prospective customers.

There was no evidence that plaintiff had ever established warehouses in the state or shipped goods to Texas to be stored in warehouses and sold therefrom, or that it had made any sales in Texas except as a result of having Hamilton and other soliciting agents in Texas solicit business to be shipped in interstate commerce by the manufacturer outside of Texas to the customers within it.

At the conclusion of this testimony, the district judge, after a four page chronological statement, reciting the dates when pleadings were filed or other steps taken in the court, none of which were statements of, or findings as to, the evidence, and concluding thus:

"So you see, we have been pretty busy on this case, Gentlemen. If there has been anything overlooked by all these lawyers I don't know what it possibly could be.

"I find now, Gentlemen, in addition to what I have said, as facts, that the motion to dismiss because of the failure to have a certificate permitting doing business in Texas must be granted.

"The activities of Agent Hamilton unmistakably showed the doing of such business in Texas."

entered the judgment appealed from.

Insisting that the findings were not responsive to the sole issue tendered here,[1] and, in addition, that they were

---

1. This was whether the transactions out of which the debt arose were or were not in interstate commerce. Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253; Hampshire Silver Co. v. Hill, Tex.Civ.App., 244 S.W.2d 520.

not supported by the evidence, appellant is here urging upon us, that under the language of the invoked statutes and the settled course of decisions in Texas, construing and applying them, the plaintiff did not in any way or at any time do intrastate business in Texas, and that, if it did, the particular transaction in question was beyond per adventure in interstate commerce and the statutes invoked by defendant, therefore, neither could or would prevent access to the courts for recovery of the debt.

We agree with appellant that this is so. It is now settled law, Woods v. Interstate Realty Co., 337 U.S. 535, 536, 69 S.Ct. 1235, 93 L.Ed. 1524, that a state may deny a foreign corporation access to its courts for suits arising out of intrastate business where that business has been done without conforming to, or in violation of, a state statute, and that where a state court is not open to such a suit, a federal court will not be.

It is equally well settled, though: that, while such statutes are valid, it is because and only because they deal with intrastate transactions and they do not, and will not be construed to, deal with suits on interstate transactions; and that, if they are so construed, they will not be upheld.

In Normandie Oil Corp. v. Oil Trading Co., 139 Tex. 402, 163 S.W.2d 179, the Supreme Court of Texas, holding that the transaction having to do with real estate in Texas was intrastate, wrote with precision and authority upon the reason for the statutes here invoked and the considerations governing their construction and application. Pointing out that a single intrastate transaction will constitute the doing of business within the meaning of Arts. 1529 and 1536, requiring foreign corporations to obtain permits before doing business in this state, the court, also recognizing that the statutes did not apply to, indeed excluded, transactions in interstate commerce, met the claim there made, that the transaction constituted interstate commerce. It did this by pointing out that the subject matter of the transaction was not the sale of goods in interstate commerce but the sale in Texas of Texas land.

This court, in Glo Company v. Murchison, 208 F.2d 714, Id., 210 F.2d 372, a case involving transactions in land in Texas following that decision, wrote in the same vein.

It will serve no useful purpose to set down or analyze the many cases cited and relied on by the parties in support of their respective contentions. Some of them deal with the statutes and the precise questions involved here. Others of them, notably Gray Company v. Ward, Tex.Civ.App., 145 S.W.2d 650, cited by appellee, and Robbins v. Benjamin Air Rifle Co., 5 Cir., 209 F.2d 173, cited by appellant, deal not with the statutes and the question here, whether a foreign corporation would be precluded from suing in the courts of a state, but the somewhat, if only slightly, different [2] question whether such corporation was present in the state sufficiently to support jurisdiction in a suit brought against it. It is sufficient to say of each case that the decision in it turns upon its precise facts, and that none of them, with facts the same as those developed here, decide anything to the contrary of what we here decide.

Because on another trial, it is not likely that the court will again reject the depositions offered, we say nothing of the point made with respect to their exclusion other than that our failure to deal specifically with it is not an approval of the ruling.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

2. Compare what is said on this point as to Mississippi law in Mississippi Wood Preserving Co. v. Rothschild, 5 Cir., 201 F.2d 233, with what is said as to Texas law in Insurance Co. of North America v. Lone Star Package Car. Co., D.C., 107 F.Supp. 645, at page 656.