Alvin M. ROSENTHAL et al., Appellants,

v.

AMERICAN PHOTOCOPY EQUIPMENT COMPANY, Appellee.

No. 13493.

Court of Civil Appeals of Texas.

Houston.

March 3, 1960.

Rehearing Denied March 31, 1960.

Alvin M. Rosenthal, Houston, for appellant.

Ross, Banks & May, C. J. Boudreaux, Houston, for appellee.

BELL, Chief Justice.

The appellee recovered judgment against appellants in the principal amount of $232.50 and interest from January 1, 1958, together with $35 as attorney's fees. The suit was on a sworn account, the account representing the purchase price of a photocopy machine and material to be used with the machine, which were sold to appellants by a soliciting salesman for the plaintiff.

While on trial the suit was contested on the merits, appellants contending the photocopy machine was defective, the trial judge found against appellants on conflicting evidence, and no complaint is made here of such action. The sole point asserted here is the alleged error of the trial court in overruling appellants' plea in abatement which asserted the plaintiff could not maintain the suit in Texas courts because it was a foreign corporation doing business in Texas without a permit to do business in Texas.

Attached to appellants' plea in abatement was allegedly a certificate of the Secretary of State certifying that appellee had not taken out a permit to do business in Texas.

Article 8.18 of the Business Corporation Act, V.A.T.S., provides that no suit may be maintained by a foreign corporation which is doing business in Texas without having obtained a permit from the Secretary of State authorizing it to do business here. The predecessor to this Article was Article 1536, Vernon's Ann.Texas Civ.St. Article 1536 was held by the courts to proscribe only suits upon intrastate transactions. Miller v. Goodman, 91 Tex. 41, 40 S.W. 718; Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253. The effect of Article 8.18 of the Business Corporation Act is the same in this regard; that is, it only forbids suits on intrastate transactions. Even though the corporation be doing business without a permit, the statute does not forbid suits on interstate transactions. Texas & Pac. Ry. Co. v. Davis, 93 Tex. 378, 55 S.W. 562.

Where the plaintiff's petition, as here, shows it to be a foreign corporation, and does not disclose the absence of a permit, and does not disclose that the cause of action is intrastate, the burden is on the defendant to allege and prove the necessity of a permit and that the corporation has no permit.

The appellants (defendants) filed their plea in abatement alleging appellee was doing business in Texas and that it had no permit to do so. They attached to the plea a certificate from the Secretary of State showing appellee had obtained no permit to do business in Texas. The plea was sworn to as required by subsection (b) of Rule 93, Texas Rules of Civil Procedure.

It does not appear that the trial court acted on the plea in abatement before trial on the merits, but since there is no contention here of a waiver because of such, and in the light of the fact that testimony of the nature of the transaction would be necessary on both the merits and the plea, we assume the trial court carried the plea in abatement with the case. At the conclusion of the testimony it was overruled.

The plea in abatement itself does not, as appellants urge, prove the facts alleged. Appellants had the burden of establishing the facts alleged. They failed to introduce any evidence that appellee had not taken out a permit to do business, and thus failed to discharge their burden, even assuming the evidence showed an intrastate transaction. This was the precise holding of the only case we have found

which is precisely in point. Chase Bag Company v. Stafford, Tex.Civ.App., 120 S.W.2d 823, no writ history. There are a number of other authorities that by way of dictum sustain this position. Smith v. Special Assessment Securities Corp., Tex. Civ.App., 116 S.W.2d 1166, writ ref. See also authorities there cited. 17 Tex.Law Review 512. The appellants did attach to their plea in abatement what they assert was a certificate from the Secretary of State showing the absence of any permit. It was not introduced in evidence, and we have found no evidence showing the absence of such a permit.

The judgment of the trial court is affirmed.