TRUHE BOX COMPANY, Inc., Appellant,

v.

Roy JANDREW, Appellee.

No. 13733.

Court of Civil Appeals of Texas.

San Antonio.

April 19, 1961.

Rehearing Denied May 17, 1961.

---

1. Foote v. Foote, Tex.Civ.App., 76 S.W.2d 194, 198 (wr. ref.); Haring v. Shelton, 103 Tex. 10, 122 S.W. 13, 14.

J. G. Hornberger, Laredo, for appellant.

Strickland, Wilkins, Hall & Mills, A. V. Bland, Mission, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Roy Jandrew under an assignment from California Pine Box Distributors, a corporation having no certificate of authority to do business in Texas, against Truhe Box Company, Inc., a Texas corporation, seeking damages for an alleged conversion of 7,200 unassembled Jumbo Cantaloupe crates. The trial was before the court without the intervention of a jury and resulted in judgment in favor of plaintiff against defendant in the sum of $4,075.20, from which judgment Truhe Box Company, Inc., has prosecuted this appeal.

Appellant has presented five points which raise three questions, viz.:

(1) Did the trial court properly render judgment for appellee notwithstanding the fact that appellee brought suit as assignee of a cause of action assigned to him by a California corporation which had no permit to do business in Texas?

(2) Did the trial court err in rendering judgment for appellee, which action in effect held that appellee did not so clothe the lessee of the warehouse in which the crates were stored with such indicia of ownership in the crates as would estop appellee from asserting his cause of action for conversion of the crates?

(3) Did the trial court err in rendering judgment for the appellee, which action in effect held that the crates were not so comingled with crates of a third party that they lost their identification and that appellee sustained his burden of proof that the crates which were converted were the crates owned by him or his consignor?

We shall discuss these questions in the order set out. It is apparent that appellee, being the assignee of a foreign corporation, is in no better position than would be the corporation if it were attempting to sue in its own name. Art. 8.18, Vernon's Ann.Civ.Stats. Vol. 3A.

The facts show that this suit grew out of interstate and not intrastate commerce. In July, 1958, 16,000 unassembled No. 12 Jumbo Cantaloupe crates, which were loaded in two railroad cars, were consigned from California Pine Box Distributors in El Centro, California, to appellee in Pecos, Texas, and were invoiced to appellee. The seals on the two cars were not broken in Pecos, and the cars were rerouted to appellee at McAllen, Texas. The crates were unloaded and stored in a warehouse or shed controlled by Nelson Parkhill in McAllen. Thereafter, appellant, acting through its foreman, Herbert Truhe, Jr., removed 7,200 of these crates from this warehouse or shed, and later, on or about May 1, 1959, appellee discovered that these crates had been removed by appellant and at once demanded that they be returned. Appellee paid his principal for the 7,200 crates and was given an assignment of its cause of action against appellant for its alleged conversion. Appellee handled these crates as a broker and received a commission from the California corporation for selling its crates in Texas. The California Pine Box Distributors had no control over these crates in Texas, and had nothing to do with their diversion from Pecos to McAllen, and had no employees on salary in Texas.

Art. 8.18A, V.A.T.S. Bus.Corp.Act, provides in effect that any foreign corporation doing business in the State without a permit cannot maintain a cause of action growing out of such business in any of the courts of this State. Art. 8.01, subd. B (9) of this Act provides that the above does not apply to a foreign corporation "Transacting any business in interstate commerce." (The above statutes have been amended effective September 1, 1961, but such amendment does not apply here.)

If the business carried on in this State by California Pine Box Distributors, through appellee, its broker, can be said

to be in interstate commerce, then the trial court did not err in holding that it had jurisdiction over appellee's suit.

■ Under the record here, the burden was upon appellant to prove that the California corporation needed a permit to do business in this State, and that it did not have such permit. Rosenthal v. American Photocopy Equipment Co., Tex.Civ.App., 333 S.W.2d 448.

■■ The storing of the crates in the warehouse in McAllen was merely incidental to the interstate transaction which the California corporation was carrying on with appellee as a broker, and in no way changed the transaction into an intrastate transaction. The crates were shipped to appellee at Pecos, Texas, but arrived after the melon season had collapsed, and there being no storage space in Pecos, they were re-routed to McAllen by appellee and stored in Parkhill's warehouse to await the 1959 melon season. Southwest General Electric Co. v. Nunn Electric Co., Tex. Com.App., 283 S.W. 781; Sloan v. Miami Margarine Co., Tex.Civ.App., 247 S.W.2d 169. The case of Davis v. Asano Bussan Co., 5 Cir., 212 F.2d 558, is not in point, as the appellee there had an agent in Texas whose duty it was to dispose of the cement stored in Texas. In the instant case, the California corporation had no agent in Texas, and the transaction was being handled by a broker.

■■ Appellant lays great stress upon the fact that after the 7,200 crates had been converted by appellant, the remaining 8,800 crates were handled in a manner that showed the transaction of business in Texas by the foreign corporation. This fact has no bearing upon what happened at the time the crates were converted. Conti-

nental Supply Company v. Hoffman, 135 Tex. 552, 144 S.W.2d 253; Waggener Paint Co. v. Paint Distributors, 5 Cir., 228 F.2d 111. The conversion was complete when appellant wrongfully took the 7,200 crates, even though it was not discovered by appellee for some time thereafter.

■ Appellant next contends that appellee had clothed Parkhill with such apparent right and indicia of ownership that a party without notice would be led to believe that the bailee was the owner of these crates. The crates were stored in the south loft of the Parkhill warehouse, and no other crating material was stored in that loft. Appellant took the material stored in the south loft and converted it to his own use. Appellee did nothing to lead appellant to believe that Parkhill was the owner of the unassembled crates. The trial court very properly impliedly found that appellee was not estopped to assert his or his consignor's title to the crates taken by appellant. Shosid v. Hughes Tool Co., Tex.Civ.App., 258 S.W.2d 945; Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191, affirming Tex.Civ.App., 162 S. W.2d 991.

■ The trial court did not err in impliedly finding that the crates converted were not so commingled with other crates of a third party that they lost their identification. Appellee offered sufficient evidence that the crates taken were the crates owned by him or his consignor. The evidence shows that appellee was offered made-up crates to take the place of his converted unassembled crates, but he was not required to accept these made-up crates belonging to another, in exchange for the crates converted by appellant. Sibley v. Fitch, Tex.Civ.App., 226 S.W.2d 885.

The judgment is affirmed.