ERO INDUSTRIES, INC., doing business through its Green Duck Division, Appellant,

v.

BE–IN BUTTONS CO. OF HOUSTON et al., Appellees.

No. 15830.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 18, 1971.

David Hittner, Houston, for appellant; Diamond & Totz, Houston, of counsel.

·Edward L. Lasof, Houston, for appellees.

BELL, Chief Justice.

Appeal from a judgment sustaining appellees' plea in abatement and dismissing the suit. The basis of the court's action was that appellant was a foreign corporation and had no permit to do business in Texas.

Appellant's suit was on a sworn account. The petition does not affirmatively show that appellant is a foreign corporation or that it has an office in this State or that it transacts business here or that the subject matter of the suit was an intrastate transaction. The account consists of two invoices, one dated 3/6/69 and the other 3/14/69. They show "Terms . . . F. O. B. Factory." They show appellant's address as Chicago, Illinois. The affidavit verifying the account made by the president asserts appellant is an Illinois corporation with its principal office in Chicago.

Appellees filed a plea in abatement in which they assert appellant has no authority or power to prosecute the suit because it is a foreign corporation and does not have a certificate of authority to transact business in Texas. The plea was sworn to by the attorney for appellees.

Appellant's counsel filed a reply stating appellant was a foreign corporation with its principal office and domicile in Chicago, Illinois; that it had no general or special office for the transaction of business in Texas, and that the cause of action arose through business conducted in interstate commerce and pursuant to Article 8.-01, subd. B(1), (8) and (9), V.A.T.S. it could prosecute the suit. The reply was verified by the attorney of record but the affidavit did not affirmatively state the attorney had authority to make it. Appellees say the affidavit was for this reason insufficient. In view of the disposition. we make of this appeal it is unnecessary for us to pass on its sufficiency.

The court's judgment recites that the plea in abatement came on to be heard and the parties appeared by and through their respective attorneys of record and "the court having read the pleadings and heard argument of counsel" and being of the opinion that the plea in abatement should be sustained, it is ordered that the plea in abatement is sustained and the cause is dismissed.

The case reaches us on a transcript only. · Appellees urge that we must pre-

sume that the evidence supports the trial court's judgment. Of course the rule is that where it appears that evidence was heard and there is no statement of facts on appeal it will be presumed that the evidence supports the judgment and any fact findings that may have been made by the court. In all cases cited by appellees it affirmatively appeared that evidence was heard but no statement of facts was filed on appeal. We think the only reasonable conclusion that can be reached from the recitals in the court's judgment, which we have noticed above, is that no evidence was heard but the court had before him only the pleadings and heard only argument and based his decision on such. We cannot, therefore, presume that evidence supported the judgment. We can, of course, consider any admission against interest made by a party in its pleading as evidence.

 In appellant's petition as shown by the affidavit of its president verifying the account we find it established that appellant was an Illinois corporation with its principal office in Chicago. This is not enough to show it cannot maintain the suit. There is nothing that shows affirmatively that appellant was doing business in Texas or that the transaction involved was an intrastate one. A foreign corporation, though not having a permit, is entitled to sue on an interstate transaction. Rosenthal v. American Photocopy Equipment Company, 333 S.W.2d 448 (Tex.Civ.App.—Houston, 1st, writ dism'd); Texas & Pac. Ry. Co. v. Davis, 93 Tex. 378, 55 S.W. 562; 1 McDonald, Texas Civil Practice, Sec. 3.15, p. 274.

Where it does not affirmatively appear from the petition that the foreign corporation cannot maintain the suit, the burden is on a defendant to plead, by way of a plea in abatement, and prove facts showing the corporation cannot maintain the suit. Continental Supply Co. v. Hoffman, 135 Tex. 552, 144 S.W.2d 253 (Tex.Com.App.), opinion adopted; Rosenthal v. American Photocopy Equipment Co., su-

pra; Chase Bag Co. v. Stafford et al., 120 S.W.2d 823 (Tex.Civ.App.—Texarkana, n.w.h.); Aeronautical Corp. of America v. Gossett, 117 S.W.2d 893 (Tex.Civ.App.—Dallas, n.w.h.); 17 Texas Law Review 512; 19 Texas Law Review 197; 2 McDonald, Texas Civil Practice, Sec. 6.03.3.

The allegations of fact in a plea in abatement must be proven by evidence. The allegations, though sworn to, do not constitute proof. Flowers v. Steelcraft Corporation, 406 S.W.2d 199 (Tex.Sup.); Rosenthal v. American Photocopy Equip. Co., supra; Sinclair Pipe Line Co. v. Peters, 323 S.W.2d 651 (Tex.Civ.App.—Beaumont, n.w.h.); Taylor v. United Ass'n of J. & A. of Plumbing & Pipe Fitting Ind. of United States & Canada, 337 S.W.2d 421 (Tex.Civ.App.—Ft. Worth, ref., n.r.e.); McDougald v. First Nat'l Bank of Beaumont, 239 S.W.2d 145 (Tex.Civ.App.—Beaumont, ref., n.r.e.); 3 McDonald, Texas Civil Practice, Sec. 10.13.

The judgment of the trial court is reversed and remanded with instructions to reinstate the cause.