**HOCHMETAL AFRICA (PTY), LTD., et al., Appellants,**

v.

**METALS, INC. and Metals Incorporated Overseas, et al., Appellees.**

**No. 1370.**

Court of Civil Appeals of Texas, Corpus Christi.

May 18, 1978.

Rehearing Denied May 31, 1978.

Second Rehearing Denied June 8, 1978.

William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellants.

J. R. Sorrell, Sorrell, Anderson & Sorrell, Charles D. Thompson, Spitz & Grossman, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a plea in abatement case. Plaintiffs, Hochmetals Africa (PTY), Ltd.; Conibero Corporation; and their agent, Samincorp, Inc., sued defendants, Metals, Inc.; Metals Incorporated Overseas Export Corporation; Ed Mange; The First State Bank of Corpus Christi; E. W. Schrader, Trustee; and Robert Rome, in tort for breach of a fiduciary duty and conversion; to impress a constructive trust on certain property; and to enjoin defendants from selling the involved property at a non-judicial foreclosure sale.

On April 28, 1978, a hearing on an application for a temporary injunction was held. On this date, defendants The First State Bank of Corpus Christi and E. W. Schrader, Trustee, filed a plea in abatement requesting that plaintiffs' cause be dismissed. Defendants, in their plea in abatement, contended that plaintiffs' original petition did not affirmatively allege that plaintiffs, purportedly foreign corporations, had obtained a certificate of authority to do business in Texas, or that said corporations were authorized to do business in Texas under the laws of the State of Texas. Defendants further contended that they had communicated with the Office of the Secretary of State of the State of Texas and had been advised that none of the said corporations above had been issued a certificate of authority to do business in the State of Texas.

The trial court, upon considering only the pleadings of the parties and oral argument of counsel and without the introduction of any evidence, sustained defendants' plea in abatement and dismissed plaintiffs' cause.

The petition in question herein alleges: that the plaintiffs are foreign corporations; that on April 2, 1976, they agreed to purchase scrap metal from the defendants; that they advanced certain monies to the defendants in order to secure the purchase of the scrap metal; and that the defendants instead of shipping the scrap metal, used

the money to secure the purchase of certain machinery upon which the plaintiffs now assert should be impressed with a constructive trust. Nothing appears in the plaintiffs' petition which indicates whether or not the plaintiffs have a permit to do business in Texas. Furthermore, nothing appears in the petition to characterize this transaction as interstate. Nor does the petition state that the transaction was intrastate. The only provision in the petition which might even remotely bear upon the nature of the transaction states:

"II.

For some fifteen years prior to April, 1976, plaintiffs had purchased scrap metal from defendants Metals, Inc. and Metals Overseas. These purchases had always been made for resale, a fact well known to defendants, Metals, Inc. and Metals Overseas."

Plaintiffs bring two points which, taken together, contend the trial court erred in sustaining defendants' plea in abatement because no evidence was offered to show that plaintiffs were transacting intrastate business. We agree.

Tex.Bus.Corp.Act Ann. art. 8.01 (1956) provides in pertinent part:

"A. No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State. . . .

B. Without excluding other activities which may not constitute transacting business in this State, a foreign corporation shall not be considered to be transacting business in this State, for the purposes of this Act, by reason of carrying on in this State any one (1) or more of the following activities:

\*    \*    \*    \*    \*    \*

(9) Transacting any business in interstate commerce."

Further, Tex.Bus.Corp.Act Ann. art. 8.18 (1956) provides in pertinent part:

"A. No foreign corporation which is transacting, or has transacted, business in this State without a certificate of author-ity shall be permitted to maintain any action, suit, or proceeding in any court of this State . . . on any cause of action arising out of the transaction of business in this State, until such corporation shall have obtained a certificate of authority. . . ."

The predecessor to Article 8.18 was Article 1536, V.A.C.S. Article 1536 was held to proscribe only suits upon intrastate transactions. *Rosenthal v. American Photocopy Equipment Co.*, 333 S.W.2d 448, 449 (Tex. Civ.App.—Houston 1960, writ dism'd); *Continental Supply Co. v. Hoffman*, 135 Tex. 552, 144 S.W.2d 253 (Tex.Com.App.1940, opinion adopted). "The effect of Article 8.18 of the Business Corporation Law is the same in this regard; that is, it only forbids suits on intrastate transactions. Even though the corporation be doing business without a permit, the statute does not forbid suits on interstate transactions." *Rosenthal v. American Photocopy Equipment Co.*, supra at 449, *Continental Supply Co. v. Hoffman*, supra.

In this connection, where the plaintiffs' petition alleges that it is a foreign corporation, as here, and does not disclose the absence of a permit, and does not disclose that the cause of action is intrastate, the burden is on the defendant to allege and *prove* the necessity of a permit and that the corporation has no permit. *Rosenthal v. American Photocopy Equipment Co.*, supra at 449, *Continental Supply Co. v. Hoffman*, supra; *Chase Bag Co. v. Stafford*, 120 S.W.2d 823 (Tex.Civ.App.—Texarkana 1938, no writ); See also *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Company*, 547 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

Defendants contend that the provision in plaintiffs' petition regarding past transactions with the defendants prevents the application of the above rule because it shows that plaintiffs are transacting business in Texas. We disagree. First, the petition does not indicate that plaintiffs were or are transacting business in Texas; i. e., it does not show the nature of these prior transactions. Without such informa-

tion all of the prior transactions could have conceivably been interstate transactions and would not constitute transacting business in Texas. See Tex.Bus.Corp.Act Ann. art. 8.01 B(9) (1956). Second, assuming that the provision in the petition did show that plaintiffs were transacting business in Texas, we would still be compelled to apply the above rule set out in *Rosenthal.* The vice in plaintiffs' case must appear affirmatively in their petition; i. e., it must show the transaction sued upon was intrastate in nature to invoke the restrictions of Article 8.18. *Oklahoma Tool & Supply Co. v. Daniels,* 290 S.W. 727, 728 (Tex.Com.App.1927, jdgmt. adopted); *Barton v. Kansas City Life Ins. Co.,* 98 S.W.2d 836, 841 (Tex.Civ. App.—Fort Worth 1936, no writ); *Rosenthal v. American Photocopy Equipment Co.,* supra. Just because a foreign corporation is, for example, transacting business without a permit does not affirmatively show that those transactions sued upon are not interstate. See *Rosenthal v. American Photocopy Equipment Co.,* supra at 449. Accordingly, even though a foreign corporation's petition indicates that it was or is transacting business in Texas, said corporation is not required to plead and prove compliance with Article 8.18. *Continental Supply Company v. Hoffman,* supra; *Texas & Pac. Ry. Co. v. Davis,* 93 Tex. 378, 55 S.W. 562 (1900); *Rosenthal v. American Photocopy Equipment Co.,* supra; *Warner Electric Brake & Clutch Co. v. Bessemer Forging Co.,* 343 S.W.2d 471 (Tex.Civ.App. —Fort Worth 1961, writ ref'd n. r. e.); 14 Tex.Jur.2d, Corporations § 617 n. 12 (1960).

Thus we find that defendants did not meet their burden to prove by competent evidence that plaintiffs had not complied with Article 8.18.

Defendants contend, however, that the trial court correctly sustained the plea in abatement because plaintiffs' attorneys judicially admitted that their pleadings showed that the asserted transactions were intrastate and that their pleadings showed they were doing intrastate business in Texas. We disagree.

Defendants point out the following conversation between the court and Mr. Cooke who represented some of the plaintiffs:

"THE COURT: Don't your pleadings allege that they are doing business in Texas?

MR. COOKE: That is the effect of the pleadings, but I do not believe that there is allegation in there that we . . .

THE COURT: Well, it says they purchased scrap metal from defendants for fifteen years. Would that be purchased here in Corpus Christi?

MR. COOKE: That is my understanding."

In order for a statement to constitute a judicial admission, it must be deliberate, clear and unequivocal. *Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415, 419 (1960). We do not find these statements by Mr. Cooke to be either clear or unequivocal. Moreover, his statements were merely a conclusion or comment on the effect of the pleadings. Such a conclusion or opinion by an attorney will not constitute a judicial admission. *Starks v. City of Houston,* 448 S.W.2d 698, 699 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e); *Hedge v. Bryan,* 425 S.W.2d 866 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.).

Defendants also point out a statement made by Mr. Abernethy who also represented some of the plaintiffs:

"MR. ABERNETHY: That is true. The thing is the facts in the petition, we believe, are sufficient to support that finding when you take the petition as a whole, that it shows a intrastate transaction."

We also find this statement by counsel to be merely a comment, conclusion or opinion as to the interpretation to be given the facts in the petition. *Starks v. City of Houston,* supra. Plaintiffs' points of error are sustained.

The judgment of the trial court is reversed and the cause is remanded. The temporary injunction issued May 1, 1978, will remain in full force and effect until the

judgment of this Court in this cause becomes final.

BISSETT, Justice, dissenting.

I respectfully dissent to that portion of the opinion by the majority which reads as follows:

"The temporary injunction issued May 1, 1978, which will remain in full force and effect until the judgment of this Court in this cause becomes final."

The subject matter of this appeal is whether the trial court properly granted the defendants' plea in abatement and dismissed the suit. We have this day decided the appeal on its merits. The language used in the majority opinion which extends the injunction until the judgment of this Court becomes *final* is, in my opinion, overly broad. The language in the opinion could reasonably be construed to mean that the injunction will remain in effect until such time as the Supreme Court, in the event an application for writ of error is timely filed, disposes of the case, one way or another. That date may be months in the future. In my opinion, the injunction granted by this Court on May 1, 1978, should continue until the time for the filing of a motion for rehearing in this Court expires without such a motion being filed; or if such a motion is timely filed and is overruled, until the time an application for a writ of error is filed; or, until the time for the filing of such an application expires without such an application being filed; as the case may be, and no longer. *Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). I do not believe that this Court has jurisdiction to grant or extend an injunction previously granted beyond the time that we lose jurisdiction of the case.