SQUYRES CONSTRUCTION COMPANY,
INC. et al, Appellants,

v.

CHEMICAL BANK, Appellee.

No. 17521.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 1980.

Pope & Watis, Edward W. Engel, Houston, for appellants.

Wendell S. Loomis, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is a suit by appellee, Chemical Bank, for a deficiency due after repossession and sale of a backhoe under a lease agreement. Appellants are Squyres Construction Company, Inc., lessee, American Road Boring Co., Inc., and B. D. Squyres and his wife, Mildred Squyres, who were officers and "owners" of both corporations. The Squyres and American Road Boring Co., Inc. were sued as guarantors of the lease agreement. Appellee was granted judgment based on the jury verdict.

The sole issue on appeal is whether appellee, a New York banking corporation which does not have a certificate of authority to do business in Texas, is barred from bringing this suit because of Article 8.18, Tex. Corp.Code, which in pertinent part states:

"A. No foreign corporation which is transacting, or has transacted, business in this state without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of this state."

Appellant lessee negotiated the purchase of the backhoe from a dealer in Harris County, Texas on April 26, 1973. Upon

lessee's inability to obtain financing for the purchase, the dealer rented the backhoe to it for four months. The lease agreement and guarantee of payment agreements, made the basis of this suit, were executed by appellants on July 24th. Advanced Leasing Services, Inc., a New York corporation (Advanced), lessor, executed the lease agreement on August 2nd, and on the same date assigned it to appellee. There is no evidence that an agent or employee of either Advanced or appellee was ever present in Texas or performed any act here. The jury found that the backhoe was physically present in Texas from the time it was rented to lessee by the dealer until it was repossessed by appellee in September of 1974. Advanced did not have a certificate of authority to do business in Texas.

Appellants contend that the physical presence of the backhoe in Texas established an intrastate transaction by Advanced. They further contend that appellee, as assignee of Advanced's interest, must stand in Advanced's shoes and is thus barred from bringing this action.

■ If the plaintiff's petition does not affirmatively show that it is a foreign corporation which cannot maintain the suit, the burden is on the defendant to plead and prove facts showing the corporation cannot maintain the suit. *Continental Supply Co. v. Hoffman,* 135 Tex. 552, 144 S.W.2d 253 (1940); *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Company,* 547 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Ero Industries, Inc. v. Be-In Buttons Co. of Houston,* 473 S.W.2d 677 (Tex.Civ.App.—Houston [1st Dist.] 1971), no writ. The lease agreement provides that the agreement "shall be deemed to have been made in New York;" the rental payments were payable to appellee in New York; and the lease agreement negated any duty by appellee to perform any act in Texas concerning the backhoe. There is no evidence of where Advanced executed the lease, so we cannot assume that it was executed in Texas. We find that appellants did not prove that Advanced transacted intrastate business in Texas so as to bar appellee from maintaining this suit.

■ Another ground upon which appellee may maintain this suit is Article 8.01, Section B of Tex.Corp. Code, which states: ". . . a foreign corporation shall not be considered to be transacting business in the state, for the purpose of this Act, by reason of carrying on in this state any one (1) or more of the following activities:

(7) Creating evidences of debt, mortgages, or liens on real or personal property.

"Evidences of debt" includes all contractual obligations to pay in the future for consideration presently received. *Searsy v. Commercial Trading Corp.,* 560 S.W.2d 637 (Tex. 1977). The lease agreement, which constitutes Advanced's only proven activity in Texas, creates an obligation on the part of appellants to pay Advanced or its assignee $18,847.00 in equal monthly payments of $401.00. This is an "evidence of debt" within the meaning of the above Article and an exception to the statutory bar urged by appellant.

The judgment of the trial court is affirmed.