In the Matter of the Arbitration between REPUBLIQUE FRANCAISE, Appellant, and CELLOSILK MFG. COMPANY, Respondent.

First Department, October 26, 1954.

*Edward W. Schall* of counsel (*Cleary, Gottlieb, Friendly & Hamilton*, attorneys), for appellant.

*John P. Gorman* of counsel (*Francis X. Nestor* and *Thomas P. Riordan* [of Illinois Bar] with him on the brief; *Gorman & Nestor*, attorneys), for respondent and Nathan J. Brown, both appearing specially.

CALLAHAN, J. In 1945 and 1946, respectively, the parties entered into two separate contracts for the sale of a commodity to be used as a glass substitute. Respondent seller was an

Illinois corporation having its principal office in that State. Appellant buyer was a foreign Government contracting in its own name. The sales contracts provided that they were to be construed according to the laws of New York. They also contained arbitration clauses requiring all controversies to be submitted to arbitration according to the rules of the American Arbitration Association. The first contract had no express provision as to where arbitration was to be held, but the second expressly provided for arbitration in New York. Special Term has correctly held that the first contract must be construed likewise.

After delivery, the buyer complained that the goods were not in accordance with the contract and made a claim on the seller, which was rejected. Thereupon, and in 1950, the seller corporation was duly dissolved under the laws of Illinois. One Nathan J. Brown, sole stockholder, was appointed liquidator.

In 1952, the buyer notified the American Arbitration Association that it demanded arbitration, and notices of the demand were sent by mail to the last post-office address of the seller corporation at Barrington, Illinois. The association sent notices of hearing in like manner. The rules of the association provided for notice of arbitration proceedings by mail. The date fixed was about twenty days from the date of mailing. The post office returned the notices to the corporation, but other notices sent to liquidator Brown were not returned. We may assume that they were received by him in ample time to permit appearance at the arbitration proceedings in New York.

Arbitration proceedings were then had in the absence of the seller, and resulted in an award for $40,636. The New York Supreme Court confirmed the award upon an application by the buyer, of which notice was also sent by mail. Judgment was entered in New York, and an action commenced in the Federal courts in Illinois on the New York judgment.

Thereupon the present proceedings to vacate were commenced, and the action in Illinois was stayed.

The Illinois statute concerning survival of remedies after dissolution of corporations (Ill. Rev. Stat., 1953, ch. 32, § 157.94, p. 995) provides that such dissolution: '' shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.''

The arbitration proceedings in New York were commenced within two years of the dissolution of seller.

Illinois does not recognize the validity of agreements to arbitrate future disputes (*Cocalis* v. *Nazlides*, 308 Ill. 152).

Special Term held that the Illinois statute relating to survival of remedies against dissolved corporations was not broad enough to save the present New York arbitration proceedings because, as it construed the Illinois statute, it was intended to be restricted to actions or proceedings taken in Illinois in accordance with Illinois law.

We construe the Illinois statute more broadly. It relates to " any remedy available to or against " the corporation for " any right or claim existing, or any liability incurred ". The only limitation is that the " action or other proceeding " to enforce such remedy be prosecuted within two years from dissolution.

The contracts provided for their construction under New York law. Our policy favors arbitration, and the clauses providing for arbitration of future disputes here were enforcible. In *Matter of Gantt (Hurtado & Cia)* (297 N. Y. 433) the law of place of performance of the arbitration agreement (New York) was considered to be determinative of the validity of a provision for arbitration, as such provision was said to relate to the law of remedies.

In this case, of course, the decisive question is the construction to be given to the Illinois survival statute. Its language is so broad that we feel compelled to construe it as intending to preserve all remedies available to a contract creditor anywhere under the terms of his contract, and not merely remedies available in Illinois under Illinois law.

Special Term decided quite correctly the other questions raised in this dispute.

Accordingly, we should reverse the order appealed from and deny the motion to set aside the first order confirming the award, which requires reinstatement of the judgment based on the award.

Settle order.

DORE, J. P., COHN, BREITEL and BOTEIN, JJ., concur.

Order unanimously reversed and the motion to set aside the first order confirming the award denied, which requires reinstatement of the judgment based on the award. Settle order on notice.