Felix O. Benvenga, J.
This is a motion to confirm an award and to direct the entry of judgment thereon. Respondent opposes the application on jurisdictional grounds. The agreement provides for arbitration in New York. Such an agreement is valid and binding, and is in itself a consent to the jurisdiction of the courts of this State to enforce the agreement even to' the extent of entering judgment upon the arbitrators’ award, and even though the parties thereto are foreign corporations not authorized io do business in this State (Matter of Galban Lobo Co., 271 App. Div. 310, 312; Matter of Bradford *698 Woolen Corp., 189 Misc. 242, 244-245; Matter of Republique Francaise [Cellosilk Mfg. Co.], 124 N. Y. S. 2d 93, 99-100, revd. 284 App. Div. 699, revd. 309 N. Y. 269; Civ. Prac. Act, § 1450, as amd. by L. 1944, ch. 423).
True, a foreign corporation (other than a moneyed corporation) cannot maintain 11 any action ’ ’ in this State upon any contract made by it in this State, unless before the making of such a contract it shall have obtained a certificate of authority from the Secretary of State (General Corporation Law, §§ 210, 218). But these sections should be read in connection with section 1450 of the Civil Practice Act. When so read, it is clear that while a corporation cannot maintain an “action” based on the contract, it may institute a ‘1 special proceeding ’ ’ (see Civ. Prac. Act, § 1459) to enforce the arbitration. Here, the petitioner has instituted such a proceeding, and not an action. The Matter of Vanguard Films case (188 Misc. 796), upon which respondent relies, is therefore, inapplicable.
The motion is in all respects granted. Settle order.