Leroy HOWARD, Appellant,

v.

WESTERN CHEVROLET COMPANY, Inc., et al., Appellees.

No. 3830.

Court of Civil Appeals of Texas.

Eastland.

Oct. 18, 1963.

Rehearing Denied Nov. 15, 1963.

Bryant, Glenn & Thomas, Allen Glenn, Abilene, for appellant.

Bradbury, Tippen, Brown & Clement, Foy Clement, Abilene, for appellees.

WALTER, Justice.

Leroy Howard filed suit against Western Chevrolet Company for breach of contract. Western agreed to purchase eighteen months insurance for Howard on an automobile he had purchased from Western. Based on a verdict, judgment was rendered that Howard take nothing. Howard has appealed.

On the 20th day of June, 1960, at approximately 8:30 p. m. Howard purchased a Cadillac automobile from Western. The parties stipulated that the Cadillac burned between the hours of 7:30 and 8:00 p. m., December 20, 1961. Western, in reply to Howard's request for admissions, admitted that Howard, on the 20th day of June, 1960, at approximately 8:30 p. m. purchased a 1957 Cadillac automobile from Western; that, contemporaneously with the purchase of said car, a conditional sales contract was executed by Howard as purchaser and Western as seller; that the contract provided for required automobile insurance for a term of eighteen months; that the contract provided that Howard pay Western $160.50 for the insurance; that Western was an agent of Motors Insurance Corporation at such time; that Western caused a policy to be issued to Howard for a policy period of from June 20, 1960, at 12:01 a. m. to December 20, 1961, to 12:01 a. m. Central Standard time; that said policy period was for a lesser period of time than eighteen months and that Howard gave timely notice of loss to Western and the insurance company.

■ The request for admissions and Western's reply thereto were not formally introduced into evidence. They were, however, timely filed with the clerk. Appellees' contention that its admissions could not be considered is without merit. In Fuller Nurseries & Tree Service v. Jones, Tex. Civ.App., 253 S.W.2d 946, the court said:

"For us to give the rule the meaning attributed to it by appellant would require us to hold that before the admissions could have any effect as such they must be formally introduced in evidence at the trial, and thus require that issues already litigated and determined by the request for admissions and the reply, and about which there is no controversy, must again be determined by a finding of the trial court as to the truth or falsity of the admissions. Such is not the purpose of the rule. Authorities, supra. In Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, 227, error ref., the court said:

" 'There are perhaps conditions under which a party would be heard in court to deny statements and admissions previously made by him against interest, but we think the effect of Rule 169 is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him.' " Also see Montgomery v. Gibbens, Tex. Civ.App., 245 S.W.2d 311.

■ Appellant contends the court erred in overruling his objection to the submission of the following special issue: "Special Issue No. 7:

Do you find from a preponderance of the evidence that the plaintiff accepted the insurance policy as furnished to him by the defendant? Answer: He did so accept. He did not so accept." The jury answered. "He did so accept."

Appellant objected to the special issue because it presented an affirmative defense which was not pleaded by the appellee. He also objected because "accept" was definable either as a synonym for "received" or as a synonym for "acquiesced in", and he objected to the word "accept" for the reason that said term was not defined.

Appellee answered by filing a general denial and contends that it was not necessary for it to plead its affirmative defense, because its general denial put in issue all of the matters alleged by Howard. Howard sued Motors Insurance Corporation and Western, but before trial he took a non-suit as to the Insurance Company. The insurance policy which was attached to Howard's petition contained the following:

"By acceptance of this policy, the insured named in item 3 of the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such

representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Howard pleaded that Western agreed to purchase the insurance for a period of 18 months; that the policy period was from June 20, 1960, at 12:01 a. m. to December 20, 1961, at 12:01 a. m., Central Standard Time, and that said policy was issued for a lesser period of time, to-wit, for a period of 17 months, 29 days, 20 hours and 29 minutes. It was in connection with these allegations that the insurance policy was attached as an exhibit. Howard's cause of action against Western was predicated upon a contract and not upon the insurance policy. No allegation in his petition suggests that he accepted the policy and released Western from its contract to furnish the required insurance.

In Burks v. Watson, 48 Texas 107, at page 115, the Court said:

"An exhibit to the petition, therefore, may be said to be made in aid of or in elucidation of allegations; but it does not, by itself, constitute allegations upon which issues may be formed irrespective of the allegations made in relation to it. If the exhibit is contradictory of, or not correspondent in legal effect to, the allegations concerning it, then the allegations stand unsupported and unaided by it, and the issues must be formed and tried on the allegations as made in the petition."

Burks v. Watson, supra, was quoted with approval on this point by the Supreme Court in Port Huron Engine & Thrasher Company v. McGregor, 103 Tex. 529, 131 S.W. 398. Also, the Supreme Court in Macdonell v. International & G. N. Ry. Company, 60 Texas 590, at page 594, said:

"In such case, however, a petition should contain such averments as may be necessary in the cause, the object and purpose of the exhibit being to aid and explain the pleading."

We are of the opinion that the court erred in submitting Western's affirmative defense because it was not raised by the pleadings. Rule 279, Texas Rules of Civil Procedure. The ends of justice will be better served by remanding the case for a new trial.

The judgment is reversed and the cause is remanded.