Henry THORNELL, Appellant,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellee.

No. 7604.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 24, 1964.

James Haltom, Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellant.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

FANNING, Justice.

Appellant sued appellee insurance company for recovery of proceeds under group policies of insurance issued by appellee to appellant's former employer, Day and Zimmerman, Inc. The policies in question provided certain benefits for non-occupational injuries and illnesses. Appellee in its pleadings alleged that appellant's coverage ceased automatically at the time of the termination of his employment with said employer, and that on the date of such termination appellant was not totally disabled and had not incurred any of the medical expenses for which Thornell's suit was brought.

Appellee filed requests for admissions under Rule 169, Texas Rules of Civil Procedure, and appellant filed its response thereto within the time prescribed by said rule. The appellant in such written response made certain admissions, which will hereinafter be discussed in more detail.

Appellee filed its motion for summary judgment, based on the supporting affidavit, pleadings, interrogatories, and admissions on file. Appellant in opposition to said motion filed controverting affidavits which appellant contends "more fully explained the Response to the Request for Admissions". Appellee contends that appellant's controverting affidavits instead set forth facts tending to contradict the admissions, and that such controverting affidavits were not admissible and should not be considered.

The trial court granted appellee's motion for summary judgment and appellant has appealed.

Appellant presents one point on appeal, which reads as follows: "The Trial Court erred in granting Summary Judgment because the affidavits offered by the Appellant in opposition to the Motion for Summary Judgment show the existence of a genuine issue of fact as to whether or not the appellant, Henry Thornell, was totally disabled on the date of his termination from work, and as to whether or not the appellant was then going to any doctor for any injury or sickness".

Appellee contends that appellant's response to appellee's request for admissions under Rule 169, T.R.C.P., disposed of every material fact in appellee's favor, entitling appellee to a summary judgment.

Individual certificate No. 11728–A, certifying appellant's coverage under group policies Nos. 11318–W and 11318–H, reads in part as shown below.[1]

---

1. "TERMINATION: The insurance of any Employee under a Group policy shall cease automatically upon the occurrence of any of the following events: (a) the termination of the policy, (b) the cessation of premium payments on account of the Employee's insurance thereunder, (c) the termination of his employment in the classes of Employees insured thereunder."

\* \* \* \* \*

"EXTENDED INSURANCE BENEFITS. A. If any Employee's insurance is terminated for any cause, *and if such*

*Employee at the date as of which his insurance ceased shall have been totally disabled by bodily injury or disease so as to be continuously prevented from engaging in any occupation for compensation or profit and while so disabled* shall, within three months have been (1) confined to a legally constituted and operated hospital for at least eighteen hours, or (2) operated upon by a legally qualified physician, the Society will pay to such Employee the same benefits subject to the same limitations and provisions as though such hospital confine-

Appellee in its brief states the gist of the pertinent admissions made by appellant and makes a brief comment on a portion thereof. We quote in part from appellee's brief in this connection as shown below.[2]

The record further shows that appellant did not enter the hospital until November 12, 1962.

Appellant did not make any motion requesting the trial court for leave to amend any of his responses to the request for admissions. This avenue of procedure was not invoked and appellant elected to oppose appellee's motion for summary judgment with controverting affidavits.

Appellant's controverting affidavits have been carefully considered and it is our conclusion that such affidavits contradict the prior written admissions made by appellant on material and controlling matters.

 A fact admitted in response to a request for admission under Rule 169, T.R.C.P., if and when it becomes a part

of the record, is a judicial admission. Also a failure to answer a request, if it is one the requesting party has a right to have answered, or an evasive answer, constitute a judicial admission of the matter inquired about. A judicial admission is one which as long as it remains in the case is a conclusive admission. Masterson, Adversary Depositions and Admissions Under Texas Practice, 10 S.W.L.J. 107 (1956).

In Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, writ refused (1942) it was stated in part as follows:

"There are perhaps conditions under which a party would be heard in court to deny statements and admissions previously made by him against interest, but we think the effect of Rule 169 is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him. * * * But we conclude that the contradictory testimony of defendant should not have been admitted, since

ment had commenced, or such operation had been performed, while the Employee was insured under the policy. (Emphasis added)."

2. "In response to requests for admissions filed by Appellee pursuant to Rule 169, Texas Rules of Civil Procedure, Appellant admitted, inter alia, the following:

"1. Appellant was employed as a painter by Day and Zimmerman, Inc. at its Lone Star Ordnance Division in Texarkana, Texas, on April 9, 1962.

"2. On November 2, 1962, Day and Zimmerman, Inc. terminated Appellant's employment by virtue of a reduction in work force.

"3. Contemporaneously with the termination of employment, Appellant executed a document labeled 'Termination Statement'.

"4. In executing the termination Statement, Appellant represented that he had no illness or injury that would prevent him from working at his former job or a similar job if he should be recalled.

"5. Appellant represented in his Termination Statement that he was not going to any doctor for any injury or sickness at the date of his termination.

"6. On November 5, 1962, Appellant filed a claim for unemployment compensation benefits with the Texas Employment Commission.

"7. In the claim for unemployment compensation benefits, Appellant represented that he was able to work.

"8. In the claim for unemployment compensation benefits, Appellant represented that he was available for work.

"9. The representations in Appellant's Termination Statement were thought to be true and correct at the time they were made but subsequent developments caused the answers to questions numbered 3A and G to be incorrect (Tr. pgs. 106–107). (Questions 3A and G in the Termination Statement referred to 'Injury or illness caused by your work here', i. e., occupational disabilities not covered by the policies involved in this suit. (Tr. p. 100). Appellant, therefore admitted that his representations that he had 'no illness or injury that would prevent him from working at his former job or a similar job' and that he was not 'going to any doctor for any injury or sickness' were true and correct).

"10. The representations made in the claim for unemployment compensation benefits were true and correct."

his legal admissions of the truth of the material matters before the court preclude him from doing so."

In Frierson v. Modern Mutual Health & Accident Insurance Company, Tex.Civ. App., 172 S.W.2d 389, wr. ref., w. m. (1943) it was stated in part as follows: .

"The aforesaid request for the admission of the truth of relevant facts made by appellee of appellants was comprehensive, and in our opinion, there was embraced therein every issuable fact tendered by appellee's pleadings. * * * It has been held that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a 'legal admission' made in the applicable pleadings of a party, so as to preclude his denial of such facts on the trial of the case. * * * Therefore, the legal effect of the appellants' failure to answer appellee's inquiries in its written request for admission or denial of the truth of relevant facts, in compliance with Rule 169 supra, was, in our opinion, to present this case to the trial court on an agreed statement of facts insofar as appellee's cause of action was concerned. This statement of facts established in favor of appellee every fact tendered by its pleadings. Therefore, it was the duty of the trial judge to apply the law to the facts so established and render judgment accordingly."

In Weaver v. Weaver, Tex.Civ.App., 171 S.W.2d 898, error ref., w. m., it was stated in part as follows:

"The defendants did not answer such request for admissions of fact. Plaintiff objected to the admission of any evidence tending to disprove the facts requested to be admitted. Defendants' failure to answer the request for ad-missions of fact compels us to treat such facts as admitted by defendants, and to hold that any evidence to the contrary is of no effect."

In Maze v. Ruscher, Tex.Civ.App., 269 S.W.2d 860, no writ (1954), where express admissions made under Rule 169, T.R. C.P., as to the residence of a party to the suit, were sought to be overcome by testimony, the court held that this could not be done.

■ Express admissions made pursuant to Rule 169, T.R.C.P., are as determinative of issues as admissions resulting from a failure to answer the request for admissions. In this connection see the following authorities: Howard v. Western Chevrolet Company, Tex.Civ.App., 372 S.W.2d 378, writ dism. (1963); Fuller Nurseries & Tree Service v. Jones, Tex.Civ.App., 253 S.W.2d 946, no writ (1953); Provident Life and Accident Insurance Co. v. Hazlitt, 147 Tex. 426, 216 S.W.2d 805 (1949).

■ An admission made pursuant to Rule 169, T.R.C.P., is of a higher dignity than testimony; such an admission is the same as an admission made in the applicable pleadings of the party. Masten v. Masten, supra. An admission in pleadings cannot be contradicted by evidence until the pleading is withdrawn by amendment. 2 McCormick and Ray, Texas Law of Evidence, 24–25. In this connection also see Masterson, Adversary Depositions and Admissions Under Texas Practice; 10 S.W.L.J. 107, 126–127 (1956), wherein it was stated in part as follows:

"In connection with summary judgment proceedings, there is an important difference between relying upon depositions, other than ex parte depositions which have not been answered evasively, on the one hand, and admissions under Rule 169 or ex parte depositions which have not been answered

**720**

or have been answered evasively on the other. This is because, as heretofore pointed out, express answers to an ex parte deposition, or to a witness deposition are evidentiary only, whereas admissions under Rule 169, and no answers or evasive answers under Rule 188, constitute judicial admissions and hence cannot be contradicted, unless and until they are withdrawn from the case."

We think that the insurance certificate provisions hereinbefore quoted demonstrate that appellant could recover under the policies sued upon only if (1) on November 2, 1962, the termination date of appellant's said employment, he was "totally disabled by bodily injury or disease so as to be continuously prevented from engaging in any occupation for compensation or profit"; and (2) "while so disabled" appellant entered the hospital or was operated upon by a qualified physician.

■ As hereinbefore shown, appellant under Rule 169, T.R.C.P., expressly admitted that on November 2, 1962, he had no illness or injury which would prevent him from working at his former job or a similar job and was not going to any doctor for any injury or sickness. Appellant further expressly admitted that on Nov. 5, 1962, he was able to work and available to work. We think these admissions (which were not later withdrawn or later amended under leave of the trial court) were judicial admissions and remained so and could not be contradicted by either testimony or controverting affidavits, and such judicial admissions remaining in the case precluded a recovery by appellant.

We hold that the trial court correctly granted appellee's motion for summary judgment.

The judgment of the trial court is affirmed.