**L. C. RUSSELL COMPANY, INC.,**
Appellant,

v.

**PIPEGUARD CORPORATION et al.,**
Appellees.

**No. 7547.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 27, 1973.

Adams & Browne, Beaumont, for appellant.

Black & Black, Port Arthur, for appellees.

KEITH, Justice.

Defendant appeals from a summary judgment entered in a consolidated cause tried in the court below. Each of the plaintiffs brought suit upon foreign judgments against defendant rendered by a state court in Louisiana. Photocopies of the judgments, authenticated under the Act of Congress, were attached to the original pleadings. Each pleading contained an allegation that the judgment "remains wholly unpaid and unsatisfied" and each plaintiff sought a Texas judgment against defendrect, and I hereby adopt same in this my nial.

Plaintiffs moved separately for summary judgment and attached to each motion an affidavit of trial counsel in the Louisiana proceedings wherein he swore, inter alia, that he was competent to make the affidavit, had personal knowledge of every statement and continued:

"I have read Plaintiff's original petition in the above styled and numbered cause by the Plaintiff, Pipeguard Corporation, and I know of my own knowledge that all of the allegations, statements, and facts pleaded therein are true and correct, and I hereby adopt same in this my sworn affidavit. I further state that the authenticated judgment of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, attached to Plaintiff's original petition is a true copy of the original of said judgment and that said judgment is a final judgment, valid in all respects and remains wholly unpaid and unsatisfied."

Defendant's lengthy affidavit opposing the motion for summary judgment was, essentially, a collateral attack upon the validity of the two foreign judgments; but, no

point pertaining to this facet of the matter is brought to our attention and is not reached by us.

■■ The trial court granted the motions and entered judgment against the defendant in the precise amounts shown in the foreign judgments. Defendant prosecutes this appeal upon a single point of error which we find to be sufficient under the rationale of Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.1970).*

Defendant breaks the argument under its single point into several subheads, the first placing primary reliance upon the recent case of Texas National Corp. v. United Systems Internat'l, Inc., 493 S.W.2d 738 (Tex.1973), involving a promissory note. We agree with the defendant in this cause; there were no factual statements contained in the *affidavit* filed by plaintiff; the attorney simply swore that the allegations in the pleading were true. To this extent, *Texas National* supports defendant's position as does Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex. 1971), discussed by the Chief Justice in *Texas National,* supra.

As was said in *Hidalgo,* supra: "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." (462 S.W.2d at 543) But, defendant overlooks the allegations in paragraph four of its own affidavit filed in opposition to plaintiffs' motion for summary judgment reading:

"This defendant shows the Court that there is attached to this reply and affidavit a duly certified and proved up copy of the proceedings as above outlined [those in Louisaina] duly certified by the Clerk and duly certified by the Judge and duly certified by the Clerk that the Judge was duly authorized to

---

* We also find in our record a certificate of the trial judge that he determined the motions upon the affidavits and the pleadings and heard no oral testimony. Such a certificate is unnecessary since in such a proceeding the trial court is not authorized to hear or re-

ceive oral or written evidence or give consideration to any material not properly included in the motion itself or attached thereto. Rule 166–A, Texas Rules of Civil Procedure; Richards v. Allen, 402 S.W.2d 158, 161 (Tex.1966); State v. Easley, 404 S.W.2d 296, 297 (Tex.1966).

make said certificate and *attached thereto* is the judgment of the Court and the opinion of the Court and the findings of fact by the Court all of which are a part hereof as Exhibit 'A', and incorporated herein for all purposes." (emphasis supplied)

■ This reply to the motion for summary judgment was supported by the affidavit of defendant's counsel wherein he stated:

" 'The certified copy of the Court's opinion and judgment in the cases referred to in the above reply motion are true and correct and said certified copy of the said judgments and opinion of the Court are true and correct.' "

Thus, at the time the trial court rendered the summary judgment, it had in the record before it duly certified copies of all papers referred to in an *affidavit*—the authenticated copies of the judgments sued upon—which had been served in accordance with Rule 166–A. Not only did defendant fail to contest the existence of the judgments, by its own act it brought the certified copies to the attention of the Court.

Since this summary judgment evidence was properly before the Court and among the papers of the cause, it formed a proper base for the judgment entered. Cf. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, 514 (1952); Maxwell v. Campbell, 282 S.W.2d 957, 958 (Tex.Civ.App., Waco, 1955, error ref.); Perry v. Little, 377 S. W.2d 765, 768 (Tex.Civ.App., Tyler, 1964, error ref. n. r. e.).

■ Defendant also attacks the judgment because, as it contends, there was no seal "to the Judge's signature certifying to the Clerk's certificate." We know of no requirement for a judge affixing his seal to an instrument which he signs in his official capacity, and defendant has cited none. If there is such a requirement, we are of the opinion that such a deficiency in the supporting proof is purely formal in nature and should have been called to the attention of the trial court by exception. Cf. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 234 (Tex.1962); Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex.1972); "Moore" Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934, 937 (Tex.1972).

Defendant also contends that the allegations in the affidavit to the effect that "said judgment is a final judgment, valid in all respects and remains wholly unpaid and unsatisfied" constitute inadmissible conclusions which may not properly be used to support a summary judgment. We are fully aware of the rule laid down in Hidalgo v. Surety Savings and Loan Association, 487 S.W.2d 702, 703 (Tex.1972), to the effect that "conclusions are not competent evidence to support summary judgment", and have studied carefully the cases cited therein in support of the rule so announced. We are not here considering a suit upon a promissory note—as was involved in *Hidalgo,* and each of the cases therein cited—but in a suit upon a judgment of a sister state entitled to full faith and credit under Art. 4, § 1, Constitution of the United States.

■ The law of Louisiana was not pleaded by either party nor was the court asked to take judicial knowledge of the law of that state under the provisions of Rule 184a. Consequently, it is presumed that the law of Louisiana is the same as that prevailing in Texas. Thus, each judgment, so tested, is a final judgment since the time for an appeal would have expired before the suit was instituted in Texas. Thus, the sworn statement that each judgment was final, even though a conclusion, was sufficient. Milner v. Schaefer, 211 S.W.2d 600, 603 (Tex.Civ.App., San Antonio, 1948, error ref.).

■ Nor are we impressed with the contention that the summary judgment *proof* failed to establish the finality of the

foreign judgment sued upon. Each was regular upon its face, and final under Texas procedure, and entitled to full faith and credit under the constitution. If defendant was to prevail upon a theory of lack of finality of said judgment, it was incumbent upon it to come forward with proof of such facts. Cf. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951 (1960); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50, 53 (Tex. 1970); "Moore" Burger, Inc. v. Phillips lips Petroleum Company, supra.

Defendant, relying upon *Texas National,* supra, contends that the rule requiring summary judgment proof showing that the plaintiff is the owner and holder of the negotiable promissory note sued upon, should be extended and applied to suits upon foreign judgments. We disagree. The rights of the owner and holder of a negotiable promissory note are governed by the provisions of the Business and Commerce Code, § 3.201 et seq., V.T.C.A. The rights of a holder in due course, familiar to all students of the law, are now codified in § 3.302.

On the other hand, assignees of judgments have no comparable rights. The assignee takes no better title than his assignor had, but takes subject to all the equities subsisting between the original parties. One judgment may be set off against another, although one of the judgments has been assigned to a third person for a valuable consideration and without notice of the existence of the other judgment. These rules were laid down in the authoritative case of McManus v. Cash & Luckel, 101 Tex. 261, 108 S.W. 800, 803 (1908), and an examination of the citator does not reveal any deviation therefrom in the ensuing years.

Finding no error, the judgment of the trial court is affirmed.

