Stuart S. **WALLACE**, Jr., D.D.S., Appellant,

v.

**LINCOLN LEASING CORPORATION,** Appellee.

No. 19113.

Court of Civil Appeals of Texas, Dallas.

Feb. 4, 1977.

**57**

Frank E. McLain, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellant.

Edward S. Koppman, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, for appellee.

ROBERTSON, Justice.

Appellant, Stuart S. Wallace, appeals from a default judgment and denial of his motion for new trial in which appellee, Lincoln Leasing Corporation as assignee of Ancillary Acceptance Corporation, recovered damages for violation of a lease agreement. Although appellant appealed on three grounds, in oral argument he waived all except one. Thus, his only contention is that there is no evidence that appellee or its assignor, both foreign corporations, have a certificate of authority to transact business in this state and, pursuant to Tex.Bus. Corp.Act Ann. art. 8.18A (Vernon 1956), is not permitted to maintain a suit in any court of this state. The principal question presented is which party has the burden of proof on this issue. We hold that a defendant has the burden to prove that the foreign-corporation plaintiff is "transacting business in this state" as defined in Tex.Bus.Corp.Act Ann. art. 8.01B (Vernon Supp.1976). Once the defendant offers this proof, the plaintiff must prove that it has a certificate of authority to transact business in this state. Because the appellant failed to establish that the appellee was transacting business, we hold that it failed to carry its burden and that the trial court did not err in proceeding to trial. Accordingly, we affirm the judgment.

Article 8.18 provides that no suit may be maintained by a foreign corporation which is transacting business in Texas without having obtained a permit from the Secretary of State authorizing it to do so. The burden is on a defendant to plead this in a plea in abatement and to prove facts showing a foreign corporation cannot maintain its suit where the corporation's petition does not affirmatively show that the corporation either is transacting intrastate business or has a general or special office with-

**58**

in the state. *Continental Supply Co. v. Hoffman,* 135 Tex. 552, 144 S.W.2d 253, 255 (Tex.Comm'n App.1940, opinion adopted); *Aeronautical Corp. of America v. Gossett,* 117 S.W.2d 893, 895 (Tex.Civ.App.—Dallas 1938, no writ); *Chase Bag Co. v. Stafford,* 120 S.W.2d 823, 824 (Tex.Civ.App.—Texarkana 1938, no writ); 17 Tex.L.Rev. 512; 19 Tex.L.Rev. 197; and 2 McDonald *Texas Civil Practice,* § 6.03.3 (Rev.Ed.1970). The allegations in a plea in abatement must be proven by evidence since those allegations, although sworn, do not constitute proof. *Flowers v. Steelcraft Corp.,* 406 S.W.2d 199 (Tex.1966).

The appellant cites *Normandie Oil Corp. v. Oil Trading Co.,* 139 Tex. 402, 163 S.W.2d 179, 181 (1942) for the proposition that the burden rests on the foreign corporation bringing the suit based on an intrastate transaction in this state's courts to show that it has a permit to do business in this state. He contends that the appellee failed to carry this burden, and consequently, the trial court erred in permitting this suit. Although we recognize this principle enunciated by the supreme court, the fact remains that it is not apparent on the face of the appellee's petition whether this suit involved an intrastate transaction, and the appellant did not offer proof to establish this fact. In *Normandie,* the court stated that the controlling question was whether the foreign-corporation plaintiff, which did not have a permit, could maintain in a court of this state a suit to recover compensation for services rendered when the undisputed evidence showed that a substantial part of those services were performed in the state. The court held that the subject matter of the transaction was the sale of an interest in Texas land, and consequently, the foreign corporation performed acts of a local nature. Thus, in essence, it was an intrastate transaction. Since the evidence clearly showed that the foreign corporation was transacting business in the state, the court placed the burden on the foreign corporation to prove it had a permit. *Normandie* is distinguishable from this case in that we have no evidence before us showing that the appellee was transacting business of a local nature. Since the appellee's petition does not clearly show this fact on its face, the appellant had the burden of pleading and proving the intrastate transaction before the appellee was required to prove it had a permit to transact business within this state.

Accordingly, the judgment of the trial court is affirmed.