A & S DISTRIBUTING COMPANY,
INC., Appellant,

v.

PROVIDENCE PILE FABRIC
CORPORATION, Appellee.

No. 19326.

Court of Civil Appeals of Texas,
Dallas.

Dec. 19, 1977.
Rehearing Denied March 2, 1978.

Philip R. Russ, Dallas, for appellant.

Dennis N. Ryan, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

GUITTARD, Chief Justice.

In this suit on a New York judgment, the trial court rendered summary judgment for plaintiff. Defendant appeals on the ground that the validity of the New York judgment is not established by competent summary-judgment evidence. We hold that the authenticated copy of the New York judgment attached to plaintiff's motion raises a presumption of validity shifting to defendant the burden to show lack of personal jurisdiction or other grounds of invalidity, and that defendant failed to present summary-judgment evidence raising a fact issue in this respect. Consequently, we affirm.

■ Defendant's first point asserts that the summary judgment was erroneous because the motion on which it was based was not supported by summary-judgment proof by way of affidavits or other extrinsic evidence. We hold that no such proof was required. Under authority of the full faith and credit clause of the United States Constitution, article IV § 1, the Congress long ago enacted a statute, now designated 28 U.S.C. § 1738, which prescribes the manner of proving the records of judicial proceedings of other states and also provides that copies of such proceedings, when authenticated as so prescribed, "shall have and the same full faith and credit in every court within the United States  .  .  .  as they have by law or usage in the courts of such State  .  .  .  from which they are taken." Under this statute, when a judgment of another state is authenticated as prescribed and appears to be a record of a court of general jurisdiction, the court's jurisdiction over the cause and the parties is presumed unless disproved by extrinsic evidence or by the record itself. *Cook v. Cook*, 342 U.S. 126, 128, 72 S.Ct. 157, 159, 96 L.Ed. 146 (1951); *Adam v. Saenger*, 303 U.S. 59, 62, 58 S.Ct. 454, 456, 82 L.Ed. 649 (1938); *Thomas v. Frosty Morn Meats*, 266 N.C.

523, 146 S.E.2d 397, 400 (1966). The judgment in question appears to be within this rule. The copy of the judgment attached to the motion for summary judgment is authenticated as prescribed by § 1738. It is regular on its face and appears to be a judgment of the supreme court of the state of New York, which we judicially know to be a court of general jurisdiction. *See Perrenoud v. Perrenoud*, 206 Kan. 559, 480 P.2d 749, 760 (1971) (general civil jurisdiction of California superior court judicially noticed). Consequently, no affidavit or extrinsic summary-judgment proof is required.

■ Defendant contends also that there is no summary-judgment proof that the judgment is final, valid, and subsisting, that it has not been vacated or set aside, or that plaintiff is the owner and holder of it. We hold that such proof is not required because of the presumption applicable to a foreign judgment when authenticated as prescribed by § 1738. Such an authenticated copy is sufficient in itself to establish a prima facie case, and the burden is on the defendant to show that the judgment is not final or subsisting or that the court did not have jurisdiction to render it. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975); *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651, 655 (Tex.Civ.App.—Dallas 1970, no writ). Although on this appeal from a summary judgment all questions of fact must be resolved against the trial court's ruling, the foreign judgment sued on is nevertheless entitled to all the presumptions arising from the full faith and credit clause and 28 U.S.C. § 1738. Accordingly, defendant's attack on the foreign judgment is in the nature of an affirmative defense, on which defendant has the burden to offer some summary-judgment proof raising a fact issue. *Hungate v. Hungate*, 531 S.W.2d 650, 653 (Tex.Civ.App.—El Paso 1975, no writ); *L. C. Russell Co. v. Pipeguard Corp.*, 504 S.W.2d 596, 640 (Tex.Civ.App.—Beaumont 1973, no writ); *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 146 S.E.2d 397, 400 (1966). *Cf. Gulf, C. & S. F. Ry. Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500

(1959) (when plaintiff's summary-judgment proof establishes elements of claim, defendant has burden to show fact issue on affirmative defense).

Moreover, it has been held that when the plaintiff named in a foreign judgment brings suit on it in this state, he is not required to show that he is the owner and holder of the judgment, as if he were suing on a promissory note in which he is named as payee. *L. C. Russell Co. v. Pipeguard Corp., supra* at 600.

■■ Defendant further contends that any presumption in favor of the New York judgment has been rebutted by his verified pleadings and summary-judgment proof challenging the jurisdiction of the New York court. The pleadings, of course, raise no fact issue in themselves, since pleadings, even if sworn, are not competent summary-judgment proof. *Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540 (Tex.1971). Defendant relies also, however, on an affidavit of the defendant's president filed in response to the motion for summary judgment. This affidavit denies that defendant had subjected itself to the jurisdiction of the New York courts and also denies that defendant had ever had any business transactions with plaintiff's agent, Quaker Fabric Corporation, in the state of New York.

We conclude that this affidavit is insufficient to raise a fact issue. The statement that defendant has never subjected itself to the jurisdiction of the New York court is not competent summary-judgment proof because it is no more than a legal conclusion. *Bates v. Smith*, 155 Tex. 443, 289 S.W.2d 215 (1956). Neither is a fact issue raised by the denial that defendant had had any business transactions with plaintiff's agent, Quaker Fabric Corporation, in the state of New York. In this connection, defendant argues that New York has "no substantial interest" in granting relief between a Texas corporation (defendant) and a Massachusetts corporation (plaintiff). This argument is untenable because in this case personal jurisdiction does not depend on defendant's participation in business transactions in New York, but on defend-

ant's alleged voluntary agreement to submit any dispute arising out of its contracts with plaintiff to arbitration in the state of New York. The judgment recites that it is rendered pursuant to an arbitration award. The sworn petition alleges that plaintiff and defendant had entered into a series of contracts by which plaintiff sold to defendant certain goods, and that each of these contracts contained a provision that all controversies under them "shall be settled by arbitration in New York in accordance with the Rules of the American Arbitration Association." The petition further alleges that arbitration proceedings under these contracts were originally instituted by defendant, as shown by an attached demand for arbitration by defendant against Quaker Fabric Corporation. Exhibits attached to the petition further show that plaintiff had answered this demand for arbitration, stating that Quaker was its sales agent, and that plaintiff had counterclaimed for monies alleged to be due to it under its contracts with defendant. The petition states that both plaintiff and defendant were represented by counsel at a hearing in New York before the arbitrators, who made an award in favor of plaintiff. Finally, the petition prays for recovery of the amount of the award.

■ According to New York law, an agreement to arbitrate a commercial dispute in New York, such as is alleged in the New York petition, constitutes a voluntary submission to the jurisdiction of the New York courts. N.Y. Civ.Prac. Law and Rules § 7501 (McKinney 1963); *S. M. Wolff Co. v. Tulkoff*, 9 N.Y.2d 356, 214 N.Y.S.2d 374, 174 N.E.2d 478 (1961); *Terminal Auxiliar Maritima v. Cocotos S.S. Co.*, 11 Misc.2d 697, 178 N.Y.S.2d 298 (Sup.Ct.1957). Consequently, the allegations of the New York petition present a ground of jurisdiction of the New York court that does not depend on any other contacts by the defendant with the state of New York. In view of the presumption of regularity of the New York judgment created by the authenticated copy of the New York proceedings under 28 U.S.C. § 1738, defendant had the burden, in

response to plaintiff's motion for summary judgment, to present summary-judgment proof negating the ground of jurisdiction recited in the New York judgment and alleged in the petition before the New York court. Since the defendant failed to offer any summary-judgment proof raising a fact issue as to whether defendant did, in fact, submit itself to the jurisdiction of the New York court by agreeing to submit to arbitration in New York disputes arising out of contracts with plaintiff or its agent, we hold that the presumption of regularity supported the summary judgment for plaintiff in enforcing the New York judgment.

■ Defendant insists that the law of New York has not been properly pleaded and proved, and, consequently, that we must presume that New York law is the same as Texas law. The record shows, however, that plaintiff filed in support of its motion for summary judgment a memorandum of authorities citing the pertinent New York law, including the authorities cited herein for voluntary submission to the jurisdiction of the New York courts and the validity of service by mail. The records shows that this memorandum was filed and a copy was furnished to counsel for defendant before the motion was heard. In the absence of any objection to this memorandum for lack of notice, we hold that it was sufficient as a motion requesting the court to take judicial notice of the New York law under rule 184a, Texas Rules of Civil Procedure. Consequently, the trial court was authorized, and this court is authorized as well, to take judicial notice of the New York authorities cited in the memorandum.

■ New York law also governs the sufficiency of the service of process in the New York suit. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975); *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 341 (Tex.1966); *Fox v. Fox*, 526 S.W.2d 180, 183 (Tex.Civ. App.—Dallas 1975, no writ). The presumption of regularity of duly authenticated foreign judgments under 28 U.S.C. § 1738 requires us to presume that process has been properly served under New York law. *Hungate v. Hungate*, 531 S.W.2d 650, 653 (Tex.Civ.App.—El Paso 1975, no writ). Defendant asserts that a fact issue concerning service of process in the New York suit is raised by the affidavit of defendant's president, which denies that defendant had ever "been served by an officer in an effort to serve process in any litigation pending between A & S Distributing Co., Inc. and Quaker Fabric Corp. and/or Providence Pile Fabric Corp." This averment does not raise a material fact issue because under New York law no personal service of process by an officer is necessary in a case of this sort. The New York petition alleges that the parties agreed that the rules of the American Arbitration Association were to govern the New York arbitration between the parties. Quoted in the petition is § 39(b) of these rules which provides as follows:

"Each party to an agreement which provides for arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any award thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address or by personal service, within or without the state wherein the arbitration is to be held (whether such party be within or without the United States of America), provided that reasonable opportunity to be heard with regard thereto has been granted such party."

If the defendant has voluntarily submitted itself to the jurisdiction of the New York courts by agreeing to arbitrate a commercial dispute in New York in accordance with the AAA Rules, and a suit is brought to confirm the award of the arbitration, notice by mail is sufficient. *Mulcahy v. Whitehill*, 48 F.Supp. 917 (D.Mass.1943). *See Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir. 1973). *Cf. Gilbert v. Burnstine*, 255 N.Y. 348, 174 N.E. 706 (1931) (agreement to arbitrate in Britain pursuant to British Arbitration Act was a submission to all procedural machinery in aid of act's provisions).

Such voluntary submission to the jurisdiction of the New York court is affirmatively shown by the authenticated proceedings. The New York judgment recites that it is rendered on an arbitration award and that "proof of service" of the filing of the petition to confirm the award has been made. The petition filed in the New York court alleges, in addition to defendant's appearance in the arbitration proceeding, that defendant had been served by mail with a notice of the petition to confirm the award. The facts so recited and so alleged, would be sufficient under the New York statutes and decisions cited to establish jurisdiction of the New York court over the person of the defendant without any personal service of process by an officer. Again, the full faith and credit clause and 28 U.S.C. § 1738 require us to presume the regularity of the New York judgment unless lack of jurisdiction is affirmatively shown. Since the affidavit of defendant's president does not deny that defendant made an agreement to arbitrate with plaintiff or plaintiff's agent in New York, and it does not deny that defendant received mail notice of the filing of the petition in New York to confirm the award, we hold that no fact issue is raised concerning lack of service.

This holding should not be taken as implying that the petition in the New York suit is in itself competent summary-judgment proof under rule 166–A(e), Texas Rules of Civil Procedure. Our holding is rather that since the New York judgment on its face appears to be based on an arbitration award, and since the facts alleged in the authenticated proceedings accompanying the judgment appear to be sufficient to support the judgment under New York law, the presumption of regularity applies, and defendant had the burden in the present case to raise a fact issue concerning the jurisdictional basis alleged in the New York petition.

The same presumption forecloses defendant's contention that the New York proceedings "are irregular and defective on their face, in that they are incomplete and in large part illegible." This contention is untenable because the New York judgment and the petition on which it is based are both complete and fully legible. The only problem with respect to illegibility or incompleteness is the attached copy of the alleged contract between the parties, which is poorly reproduced. The substance of the contract, however, is alleged in the petition, and since the burden was on defendant to show lack of jurisdiction, defendant had the burden to establish that the illegible documents did not contain the provisions alleged in the petition. Because of defendant's failure to offer any summary-judgment proof in this respect, we must hold that no fact issue is raised.

We note that the New York judgment recites that no appearance was made in the New York court in opposition to the petition to confirm the award of the arbitrators. We have been concerned, therefore, with certain Texas opinions that seem to adopt the view that there is no presumption in favor of a foreign default judgment. See Jackson v. Randall, 544 S.W.2d 439, 441 (Tex.Civ.App.—Texarkana 1976, no writ); Country Clubs, Inc. v. Ward, 461 S.W.2d 651, 655 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.). The actual decisions in these cases, however, are consistent with the presumption, since in each case the court held that there were facts in the record rebutting the presumption of personal jurisdiction. In these cases, the courts cited McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965) and other Texas decisions holding that on a direct appeal from a default judgment there is no presumption in favor of the judgment. In our view, that rule cannot properly be applied to a foreign default judgment in view of the full faith and credit clause and 28 U.S.C. § 1738, since in a suit brought in this state, an attack on the foreign judgment is a collateral attack, and the presumption of regularity applies. Mitchim v. Mitchim, 518 S.W.2d 362 (Tex. 1975).

We also find no merit in defendant's contention that plaintiff lacks capacity to sue because it is a foreign corporation and has not established its authority to do

business in Texas. Such lack of authority is a matter of defense on which defendant had the burden or proof. *Wallace v. Lincoln Leasing Corporation*, 547 S.W.2d 56, 57 (Tex.Civ.App.—Dallas 1977, no writ). Defendant has presented no summary-judgment proof showing that plaintiff lacks authority to do business in Texas or that it is doing any business in Texas that would require it to obtain such authority. Consequently, we hold that no fact issue was raised in this respect.

Affirmed.