Ben **FREUDENMANN** and Kathleen **Freudenmann, Appellants,**

v.

**CLARK AND ASSOCIATES, INC., Appellee.**

**No. 1537.**

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1980.

B. Thomas Cook, Bracewell & Patterson, Houston, for appellants.

Fred P. Holub, Bay City, Edith H. Jones, Hugh M. Ray, Andrews, Kurth, Campbell & Jones, Houston, for appellee.

## OPINION

YOUNG, Justice.

This summary judgment case arose from a suit brought in Matagorda County, Texas, by Clark and Associates, Inc., (called Creditor) against Ben Freudenmann and wife, Kathleen Freudenmann (called Debtors) to enforce an Arizona state court judgment. The trial court granted the Creditor's motion for summary judgment. Debtors had failed to participate in the summary judgment proceeding. This appeal by writ of error followed. We affirm.

The Creditor alleged in its original Texas petition that it had instituted suit in the Arizona Superior Court, Maricopa County, Arizona; that the Debtors though served with citation within Arizona wholly made default; that on May 10, 1977, the Arizona court rendered judgment for $46,825.82 for the Creditor against the Debtors; and that the Debtors have paid no part of the judgment. The Creditor attached a copy of the Arizona judgment, with accompanying certificates, to its petition.

Thereafter, the Creditor filed requests for admissions under Rule 169, T.R.C.P., to which the Debtors, though served, did not respond. Whereupon the trial court, upon motion of the Creditor, by order deemed the facts admitted in the requests for admissions. Then the Creditor filed its motion for summary judgment alleging, among other things, that the motion is based upon the pleadings, the Creditor's requests for admissions and the order deeming same admitted; that all pleadings are made a part of the record including the Creditor's original petition. The Debtors made no response to the motion for summary judgment nor appeared at the hearing on the motion. After the trial court granted the motion and rendered its judgment thereon, the Debtors brought this appeal.

In six points of error the Debtors contend that the trial court erred in granting Creditor's motion for summary judgment because: 1) and 2) there was no evidence and insufficient evidence properly admissible of an Arizona judgment before the trial court;

3) and 4) there was no evidence and insufficient evidence properly admissible that the Arizona judgment was a final judgment; 5) there was failure by the Creditor to plead and prove the finality of the Arizona judgment; and 6) the Creditor failed to comply with Rule 184a, T.R.C.P., (regarding judicial notice of the laws of other states).

About the no evidence and insufficient evidence complaints in points 1 and 2, the Debtors contend that the Arizona judgment was not proper summary judgment evidence because it appears in the record only as an attachment (Exhibit "A") to the Creditor's petition; that, even if considered, the judgment lacked the judge's certificate which states that the attesting officer (clerk here) has legal custody of the original judgment, all in violation of Tex.Rev.Civ. Stat.Ann. art. 3731a, § 4.

■ In that regard, we look to the requests for admissions which were deemed admitted. Admissions based upon requests for admissions may be proper summary judgment evidence. *Thornell v. Equitable Life Assurance Soc. of U. S.*, 385 S.W.2d 716 (Tex.Civ.App.—Texarkana 1964, no writ); *Masten v. Masten*, 165 S.W.2d 225 (Tex.Civ. App.—Fort Worth 1942, writ ref'd). Creditor's request No. 4 is as follows:

"Do you admit that the certified copy of judgment attached as Exhibit "A" to Plaintiff's Original Petition on file herein is a true copy, duly authenticated, of that judgment entered in the above-referenced civil action? (C339113, Arizona Supreme Court for Maricopa County per request No. 1)."

So the Arizona judgment was properly considered by the trial judge by reason of the above quoted admission even though the judgment (on file with the papers of the cause) was not attached to the Creditor's motion for summary judgment.

About the contents of the Arizona judgment itself, three attestations accompany the copy of that judgment. The first is signed by the Clerk (Wilson D. Palmer) of the Superior Court of Maricopa County, Arizona, where the judgment was taken, and certifies it as "a true and correct copy of the original . . . on file and of record in my office . . . ." The second, by Judge Hughes of the same court, attests that the previously named clerk is "the duly elected, qualified and acting clerk of said Superior Court. That said signature is . . . genuine . . ., and that all his official acts . . . are entitled to full faith and credit." Judge Hughes further certified that "said certificate and attestation is in due form of law." Finally, the clerk of the same court certified the identity, position, capacity and signature of Judge Hughes.

■ Any reasonable reading of the attestations would lead to no conclusion other than that the clerk has "legal custody" of the original judgment. Appellants' points 1 and 2 are overruled.

■ About appellants' complaints in points 3, 4 and 5 regarding the finality of the Arizona judgment, we agree with the reasoning set forth in *A & S Distributing Company, Inc. v. Providence Pile Fabric Corp.*, 563 S.W.2d 281 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) in pertinent part as follows:

"We hold that such proof (of finality) is not required because of the presumption applicable to a foreign judgment when authenticated as prescribed . . . . . Such an authenticated copy is sufficient in itself to establish a prima facie case, and the burden is on the defendant to show that the judgment is not final or subsisting or that the court did not have jurisdiction to render it. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975); *Country Clubs, Inc. v. Ward*, 461 S.W.2d 651, 655 (Tex.Civ.App.—Dallas 1970, no writ). Although on this appeal from a summary judgment all questions of fact must be resolved against the trial court's ruling, the foreign judgment sued on is nevertheless entitled to all the presumptions arising from the full faith and credit clause and 28 U.S.C. § 1738. Accordingly, defendant's attack on the foreign judgment is in the nature of an affirmative defense, on which defendant has the

burden to offer some summary-judgment proof raising a fact issue."

Of course, as we have noted, the appellants made no response to the Creditor's motion for summary judgment. Consequently, they did not discharge their burden of showing that the Arizona judgment was not final. Appellants' points 3, 4 and 5 are overruled.

Finally, about appellants' Rule 184a contentions, where neither party pled the law of another state and the trial court was not asked to take judicial notice of the law of another state, it was the duty of the trial court to presume that the law of the other state was the same as that of Texas. *Moody v. State*, 520 S.W.2d 452 (Tex.Civ. App.—Austin 1975), writ ref'd n.r.e., 547 S.W.2d 958 (Tex.Sup.1977); *L. C. Russell Company, Inc. v. Pipeguard Corporation*, 504 S.W.2d 596 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). Here the record reflects no such pleadings or such request. Appellants' point 6 is without merit and we overrule it.

The judgment of the trial court is affirmed.